577 P.2d 274

**The STATE of Arizona, Appellee,**

v.

**William DODD, Appellant.**

**No. 2 CA–CR 1192.**

Court of Appeals of Arizona,
Division 2.

March 27, 1978.

John A. LaSota, Jr., Acting Atty. Gen. by William J. Schafer, III, Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Wolfe & Harris, P. A. by Irwin Harris, Phoenix, for appellant.

## OPINION

RICHMOND, Chief Judge.

Appellant entered a plea of guilty to one count of conspiracy to commit grand theft and was sentenced to serve one to three years in the Arizona State Prison. He brings this appeal challenging the voluntariness of the plea.

The following occurred at the change of plea hearing on June 9, 1977:

"THE COURT: State of Arizona, plaintiff, versus William Dodd, Bobby Lee Dodd, Shirley Stevens, Elizabeth Redondo and Cindy Watson.

"MR. MONTIEL: The State is ready, your Honor.

"THE COURT: This is the time fixed by the Court for the trial of this case which was scheduled for today before a jury. The Court was advised yesterday that the Defendants wish to enter into a plea bargain to plead to the count of conspiracy to commit grand theft and consequently, counsel for the Defendants all requested the Court to excuse the Jury which would be in attendance normally at this time. Inasmuch as that information was conveyed to the Court, the Court did not call a jury and consequently, the trial of the case as to any defendants who do not wish to enter a plea agreement at this time will be continued, if necessary, should some defendants not desire to enter the plea agreement for trial on all counts, all eight counts, for June 30, which is Thursday, June the 30th. With that understanding, now, any of the Defendants that wish to enter a plea agreement at this time which there (sic) attorneys have arranged, the Court will proceed on that basis. *The defendants who do not wish to enter a plea agreement, will be remanded to the custody of the Sheriff for trial on the 30th.*" (Emphasis added.)

Appellant, who was at liberty on the day of the hearing on a $500 appearance bond, claims that the court's statement that anyone wishing to plead not guilty would be remanded to the custody of the sheriff until trial put an undue burden on him to plead guilty. We suspended the appeal and ordered a voluntariness hearing, which was held February 24, 1978.

A guilty plea to be valid must be made voluntarily, knowingly and intelligently. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In *State v. Jennings*, 104 Ariz. 3, 448 P.2d 59 (1968), our supreme court said that an involuntary plea is void.

In *People v. Clark*, 183 Colo. 201, 515 P.2d 1242, 1243 (1973), the Colorado Supreme Court stated that a trial judge should not use his office to force a defendant to waive his right to a jury trial or be penalized for exercising a constitutionally guaranteed right, citing *United States v. Jackson*, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968).

The transcript of the plea hearing indicates that appellant appeared at the hearing for the purpose of pleading. A defendant can change his mind, however, at any time prior to the actual time of pleading. The record contains the affidavit of the attorney of one of appellant's co-defendants who was present in the courtroom when the statement was made by the court. The affidavit supports appellant's claim that he was going to enter a plea of not guilty prior to the pronouncement from the bench but that after hearing the statement, he entered a plea of guilty through a proposed plea bargain. Although two of the defendants were in custody at the time of the hearing, the court made no distinction as to the two at liberty on bond.

The transcript of the voluntariness hearing does not eradicate the possible "force" exerted upon appellant. Although the trial court found appellant's plea was voluntary because he had ample time to refuse to plead at the change of plea hearing, this overlooks the specter of the jail time which awaited him had he not pled guilty.

Appellant's conviction and sentence are hereby vacated and this case is remanded to the trial court to allow appellant to enter a new plea.

Reversed and remanded.

HOWARD and HATHAWAY, JJ., concur.