THE STATE OF OHIO, APPELLEE, *v.* TRIVEDI, APPELLANT.

(No. C-810838—Decided December 29, 1982.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. William E. Breyer,* for appellee.

*Mr. James N. Perry,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

By indictment, defendant-appellant, Mayurkant Trivedi, was charged with twelve counts of selling unregistered securities in violation of R.C. 1707.44(C)(1). Four counts were dismissed because they were barred by the statute of limitations. Defendant pled not guilty to the remaining eight counts of the indictment. In a bench trial the trial court found Trivedi guilty on all eight counts and imposed a sentence of one to five years on each count to be served consecutively. Sentence was then suspended, and defendant was placed on three years' probation. The trial court also ordered defendant to pay restitution in the amount of $98,600. This appeal ensued with three assignments of error.

Defendant's first assignment states:

"The Court erred by ruling that O.R.C. 1707.29 was constitutional, and the error was compounded when the Court relied upon the presumption of knowledge as contained in 1707.29 as proof on an essential element of the offense charged against the defendant."

R.C. 1707.29, relating to "presumption of knowledge," at the time pertinent herein, stated:

"In any prosecution brought under sections 1707.01 to 1707.45, inclusive, of the Revised Code, the accused shall be deemed to have had knowledge of any matter of fact, where in the exercise of reasonable diligence, he should, prior to the alleged commission of the offense in question, have secured such knowledge."

Defendant contends that the statute creates a mandatory and irrebuttable presumption of knowledge for an essen-

tial element of the offense charged. R.C. 1707.44 provides:

"(C) No person shall *knowingly and intentionally*[1] sell, cause to be sold, offer for sale, or cause to be offered for sale, any security which comes under any of the following descriptions:

"(1) Is not exempt under section 1707.02 of the Revised Code, nor the subject matter of one of the transactions exempted in sections 1707.03, 1707.04, and 1707.34 of the Revised Code, has not been registered by description, coordination, or qualification, and is not the subject matter of a transaction that has been registered by description." (Emphasis added.)

Defendant argues that as a result of R.C. 1707.29, the state was relieved of its burden of proving beyond a reasonable doubt that he knowingly sold an unregistered security and that defendant consequently was deprived of due process of law.

Briefly, we find R.C. 1707.29 to be constitutional and the presumption created therein to be permissive and rebuttable. *State* v. *Walsh* (1979), 66 Ohio App. 2d 85 [20 O.O.3d 178].

Where the constitutionality of a statute is challenged, it is axiomatic that there is a strong presumption in favor of the legislation's constitutionality. Despite the fact that a presumption of knowledge provision has been part of Ohio's securities law since the first securities statute was enacted in 1913,[2] judicial interpretation of R.C. 1707.29 is sparse.

Nor, seemingly, is there any comparative legislation from other jurisdictions to aid in construction; R.C. 1707.29 appears unique to Ohio.

The Ohio Securities Act creates only two categories of securities: registered or exempt, either of which may be sold lawfully. In Ohio the burden of determining whether a security may be sold lawfully is placed on the offeror or seller of the security. *United States, ex rel. Shott,* v. *Tehan* (C.A. 6, 1966), 365 F. 2d 191, 195 [37 O.O.2d 341]. If a security is sold unregistered and does not qualify as an exempted security, then that security is not lawfully sold. The requirements for registration or exemption are well-delineated in the statute. To embark on a securities transaction without first even inquiring into the statutory requirements, let alone without complying with those requirements, is to thwart the very purpose behind the statutory provisions, such as R.C. 1707.44(C)(1):

"[T]he purpose behind the violated provision [R.C. 1707.44(C)(1)] is to prevent those persons willing to market worthless or unnecessarily risky securities from soliciting the purchasing public without first subjecting themselves and their securities to reasonable licensing and registration requirements designed to protect the public from its own stupidity, gullibility and avariciousness." *Bronaugh* v. *R. & E. Dredging Co.* (1968), 16 Ohio St. 2d 35, 40-41 [45 O.O.2d 321].

In view of the above discussion, our

---

[1] We are assuming for argument purposes that the culpable mental states in R.C. 2901.22 apply to R.C. Chapter 1707 *et seq.* R.C. 2901.22 defines "intentionally" and "knowingly" respectively as:

"(A) A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature.

"(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

[2] Former presumption of knowledge provisions were G.C. 6373-21, effective August 8, 1913, and G.C. 8624-26, effective July 21, 1929.

examination of the challenged provision leads us to the conclusion that R.C. 1707.29 imposes a reasonable duty of inquiry upon those engaged in securities transactions. Where the person fails to exercise reasonable diligence, then his lack of knowledge consists of ignorance of facts which any ordinary person under similar circumstances should have known and therefore knowlege will be presumed. The presumed knowledge that the security was unregistered is rationally connected to the proven fact that the accused should have secured the knowledge the security was unregistered had he exercised reasonable diligence. *State* v. *Dempsey* (1970), 22 Ohio St. 2d 219, 222 [51 O.O.2d 306]. R.C. 1707.29 is not a mandatory presumption; it is rebuttable by evidence demonstrating that the accused did exercise reasonable diligence to ascertain the true state of facts. As for defendant's contention that the statute eliminates an essential element of the charged offense, R.C. 1707.44(C)(1), the state still must prove beyond a reasonable doubt: (1) that the defendant in the exercise of reasonable diligence should have secured the knowledge that he was selling an unregistered security; (2) that he intentionally was selling an unregistered security; and (3) that the security was unregistered.

Moreover, with respect to that portion of the first assignment ascribing error to the trial court's reliance on R.C. 1707.29, the trial court stated it was not relying solely on R.C. 1707.29. The first assignment is meritless and is overruled.

We next address defendant's third assignment which presents the dual challenge that the trial court erred in denying his motion for acquittal and that the finding of guilty was against the manifest weight of the evidence. Essentially, defendant argues that the state failed to prove the predicate necessary for the operation of the presumption of knowledge set forth in R.C. 1707.29, that

is, the failure of the accused to exercise reasonable diligence. We disagree.

Black's Law Dictionary (4 Ed. Rev. 1968) provides the following definition of "reasonable diligence":

"A fair, proper and due degree of care and activity, measured with reference to the particular circumstances; such diligence, care or attention as might be expected from a man of ordinary prudence and activity." *Id.* at 544.

Clearly, reasonable diligence is a factual question to be resolved on a case by case basis.

The record *sub judice* reveals that the limited partnership United Investment Ltd. was virtually mass-producing issues of securities. In the spring of 1977, defendant was contacted about selling United Investment Ltd. securities and became a salesman for that limited partnership. Defendant Trivedi was a salesman of securities, licensed in both Ohio and Kentucky. In Ohio a person must pass a written examination covering the state's securities laws in order to be granted a security salesman's license. R.C. 1707.16. Trivedi admittedly took such an examination. Trivedi also was a member of National Association of Security Dealers and previously sold securities for four other companies. Suffice to say, Trivedi was not unacquainted with securities transactions and Ohio's securities laws.

Trivedi maintains that he satisfied the reasonable diligence requirement of R.C. 1707.29 when he telephoned the Division of Securities in August 1977 to inquire about the registration of certain securities. Defendant claims, and it is uncontroverted by the state, that he was insulted by one of the personnel at the Division of Securities about his ability to read English.[3] Because he did not want to be insulted again, Trivedi made no further inquiries regarding registration of any other United Investment Ltd. securities.

---

[3] Defendant was born in India and immigrated to the United States.

We find that under the facts of this case defendant did not exercise reasonable diligence. According to his own figures, Trivedi sold twenty to thirty different issues of securities, totaling $800,000 to $850,000 in sales. The three issues to which Trivedi's one inquiry was directed are not even the issues which are the subject of the offenses charged. The securities in question were issued around April and May 1978, nearly seven months after defendant's sole registration inquiry. While admittedly insensitive comments by administrative personnel may have been offensive, such comments could not serve as an excuse for the total dereliction of responsibility, particularly where the sale of a large number of different securities was involved and the defendant was placed on notice that these securities were in a "gray area" and was advised by an attorney that the securities should be registered.

Consequently, we find that the evidence was such that reasonable minds could reach different conclusions as to whether each material element of selling unregistered securities in violation of R.C. 1707.44(C)(1) had been proven beyond a reasonable doubt and the trial court did not err in denying defendant's motion for judgment of acquittal. *State* v. *Bridgeman* (1978), 55 Ohio St. 2d 261 [9 O.O.3d 401]. Moreover, the state adduced sufficient credible evidence upon which the trier of fact could reasonably conclude that all the elements of R.C. 1707.44(C)(1) had been proven beyond a reasonable doubt. *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340]. The third assignment is overruled.

Defendant's second assignment ascribes error to the trial court's order of restitution in the amount of $98,600 as a condition of his probated sentence. Defendant contends that the restitution order was not within the scope of R.C. 2951.02(C). We agree and sustain this assignment of error.

R.C. 2951.02(C) states in pertinent part:

"* * * In the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender, including, but not limited to, requiring the offender to make restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, that the person committed. Compliance with the additional requirements shall also be a condition of the offender's probation or other suspension."

Thus, the question is whether R.C. 1707.44(C)(1) under which the present offense was charged falls within the definition of theft offense in R.C. 2913.01(K), which reads as follows:

" 'Theft offense' means any of the following:

"(1) A violation of section 2911.01, 2911.02, 2911.11, 2911.12, 2911.13, 2911.31, 2911.32, 2913.02, 2913.03, 2913.04, 2913.11, 2913.21, 2913.31, 2913.32, 2913.33, 2913.41, 2913.42, 2913.43, 2913.44, 2913.44, 2913.45, 2913.51, 2915.05, 2915.06, or 2921.41 of the Revised Code;

"(2) A violation of an existing or former municipal ordinance or law of this or any other state or the United States substantially equivalent to any section listed in division (K)(1) of this section;

"(3) An offense under an existing or former municipal ordinance or law of this or any other state or the United States involving robbery, burglary, breaking and entering, theft, embezzlement, wrongful conversion, forgery, counterfeiting, deceit, or fraud;

"(4) A conspiracy or attempt to commit, or complicity in committing any offense under division (K)(1), (2), or (3) of this section."

The state argues that Subsection (3)

of R.C. 2913.01(K) with its listing of fraud and deceit encompasses R.C. 1707.44(C)(1).

Examining R.C. 1707.01 *et seq.,* we note that under the statutory scheme certain acts or practices relating to securities are either "declared illegal, defined as fraudulent, or prohibited." R.C. 1707.44(G). "Fraud" as envisioned by this statute is defined in R.C. 1707.01 as follows:

"(J) 'Fraud,' 'fraudulent acts,' 'fraudulent practices,' or 'fraudulent transactions' means anything recognized on or after July 22, 1929, as such in courts of law or equity; any device, scheme, or artifice to defraud or to obtain money or property by means of any false pretense, representation, or promise; any fictitious or pretended purchase or sale of securities; and any act, practice, transaction, or course of business relating to the sale of securities which is fraudulent or which has operated or would operate as a fraud upon the purchaser."

The fraud encompassed by R.C. 1707.01(J) is not the same as the criminal fraud in R.C. 2913.01(K). Consequently, the court below in ordering restitution borrowed an inappropriate provision in criminal law as a justification for its restitution order. Moreover, the crime charged is the sale of unregistered securities, which is more in the nature of a prohibited or illegal act or practice pursuant to the Ohio Securities Act; defendant was not charged with defrauding any person.

Furthermore, the restitution order *sub judice* cannot stand because there must be a due process ascertainment that the amount of restitution bears a relationship to the loss suffered. Such a determination was not made in the instant cause.

Finding that the sentencing judge did not have the authority to impose a restitution order as a condition of defendant's probation, we therefore set aside the order of restitution and otherwise affirm the judgment of conviction; further we remand this cause for resentencing according to law and consistent with this decision.

*Judgment accordingly.*

KEEFE, P.J., DOAN and KLUSMEIER, JJ., concur.