737 P.2d 409

STATE of Arizona, Appellee,

v.

Diane TALTON, Appellant.

No. 1 CA–CR 9711.

Court of Appeals of Arizona, Division 1, Department A.

April 28, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Div. and Vicki Gotkin Adler, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FROEB, Chief Judge.

On August 25, 1984, appellant, Diane Talton, robbed and stabbed a victim who was parked in a convenience store parking lot. Appellant was charged by information

on September 24, 1984, with Count I, aggravated robbery, and Count II, aggravated assault, both class 3 felonies. On November 14, 1984, appellant entered into a plea agreement wherein she agreed to plead guilty to Count I. In exchange, the state agreed to dismiss Count II and stipulated that appellant would be placed on probation. Appellant was placed on probation for five years beginning on December 28, 1984.

On September 25, 1985, appellant drove a 1975 Cadillac onto the grounds of the Arizona State Prison complex in Florence, Arizona. During the vehicle search, a container of marijuana was found lodged under the dashboard of the car. A search of appellant's personal effects also revealed a stolen credit card. A petition to revoke probation was filed alleging that appellant had violated the terms of her probation by the possession of the marijuana and the stolen credit card.

An initial appearance was held pursuant to rule 27.6, Arizona Rules of Criminal Procedure, on November 13, 1985, which set the revocation arraignment for November 20, 1985. At the revocation arraignment, appellant denied violating the terms of her probation. Appellant later admitted the violations at her violation hearing held on December 10, 1985.

At the disposition hearing held on December 19, 1985, the trial court revoked appellant's probation and sentenced her to the presumptive term of five years on the underlying conviction of aggravated robbery with credit for ninety-four days of presentence incarceration. Before sentence was pronounced, appellant's counsel asked for a mitigation hearing that was denied:

> DEFENSE COUNSEL: ... I have reviewed the presentence report and the mitigation, or the disposition report also. I have communicated the recommendation to the defendant. She has just asked me if it would be possible to have a mitigation hearing, and I told her there is no absolute right to have same but the

Court is free to grant one if it feels it is necessary.

> THE COURT: I don't think there is one when it comes to disposition of a probation violation.

> DEFENSE COUNSEL: There is no absolute right to one, but I thought the Court had the authority to grant one. That will be my motion then.

> THE COURT: Motion is denied.

\* \* \* \* \* \*

> THE COURT: Diane, is there anything you want to say?

> THE DEFENDANT: Yes, I want to say to the Court that I feel I should be given another chance on my probation. I just don't think that I should be sent away to jail.

> THE COURT: Diane, just to be very candid about it, you are a very street wise individual, you are a very knowledgeable individual. You are only 20 years old.

> THE DEFENDANT: Concerning what?

> THE COURT: You can't kid me that you drive down to ASP with marijuana tucked under the dash of your Cadillac—

> THE DEFENDANT: And what? That wasn't my marijuana. It wasn't even a visiting day. I took someone down there to put some property on someone else's thing. It wasn't even a visiting day. I had no contact with no one at all.

> THE COURT: Okay. I'm sorry, but I don't believe you. Let's just understand each other.

> Counsel, is there any legal cause why the Court cannot proceed with disposition.

> DEFENSE COUNSEL: No, Your Honor.

Based on the foregoing exchange, it does not appear that appellant was given an opportunity to present mitigating evidence on her behalf. Counsel was incorrect in advising the trial court that appellant did not have an absolute right to a mitigation hearing. However, because the court had

already denied his motion for a mitigation hearing, it was reasonable for appellant's counsel not to object to the court going ahead with sentencing.

On appeal, appellant argues that her case should be remanded for resentencing because she was denied a presentence hearing as required by rule 26.7(a), Arizona Rules of Crimimal Procedure. That rule states that when the court has discretion as to the penalty imposed, a presentence hearing *shall* be granted on the request of any party. In contrast, rule 27.7(c), Arizona Rules of Criminal Procedure, states that if probation is revoked, sentence shall be pronounced in accordance with the procedures set forth in rules 26.10 through 26.16. Rule 26.7, the rule dealing with presentence hearings, is not mentioned in the rules governing revocation of probation. However, we do not reach the question whether the Arizona Rules of Criminal Procedure require a presentence hearing in probation revocation proceedings.

■ Although the issue was not raised by appellant as a matter of constitutional law, we find that she was entitled to a mitigation hearing before revocation based on the holdings in *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and *Black v. Romano,* 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985). In *Gagnon* the Supreme Court held that before probation may be revoked, the probationer must be afforded two hearings; one hearing to determine whether the terms of probation have been violated, and a second hearing to determine whether probation should be revoked. 411 U.S. at 786, 93 S.Ct. at 1761, 36 L.Ed.2d at 664.

In applying the due process requirements of *Gagnon,* the Supreme Court in *Black* reiterated the rights of a probationer before revocation:

> Thus the final revocation of probation must be preceded by a hearing, although the factfinding body need not be composed of judges or lawyers. The probationer is entitled to written notice of the claimed violations of probation; disclosure of the evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; a neutral hearing body; and a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation. (Citations omitted.) The probationer is also entitled to cross-examine adverse witnesses, unless the hearing body specifically finds good cause for not allowing confrontation. Finally, the probationer has a right to the assistance of counsel in some circumstances.

471 U.S. at 611–12, 105 S.Ct. at 2258, 85 L.Ed.2d at 642–43. The Court held that although a probationer was not entitled to a statement from the factfinder detailing why alternatives to incarceration were not accepted, the due process afforded by *Gagnon* was sufficient. To this end, the Court held:

> Moreover, where the factfinder has discretion to continue probation, the procedures required by *Gagnon* and *Morrissey assure the probationer an opportunity to present mitigating evidence* and to argue that alternatives to imprisonment are appropriate. That opportunity, combined with the requirement that the factfinder state the reason for its decision and the evidence relied upon, accommodates the interests involved in a manner that satisfies procedural due process.

471 U.S. at 614, 105 S.Ct. at 2259, 85 at L.Ed.2d at 644 (emphasis added).

■ Thus, appellant has a fundamental right to a mitigation hearing before revocation of probation. The mitigation hearing need not be a third hearing; instead, *Black* indicates a mitigation hearing must be part of the disposition hearing required by *Gagnon. Black,* 471 U.S. at 614, 105 S.Ct. at 2259, 85 L.Ed.2d at 644. Other courts have also held that a defendant must be given an opportunity to present mitigating evidence before the revocation of probation. *See United States v. Diaz-Burgos,* 601 F.2d 983 (9th Cir.1979) (violation of appel-

lant's constitutional right to due process not to give him opportunity to present mitigating evidence that might suggest revocation of probation is not warranted); *State v. Montoya,* 93 N.M. 84, 596 P.2d 527 (App. 1979) (appellant must be allowed opportunity to present mitigating evidence even though he admitted probation violation).

The sentence is vacated and the case is remanded for a new disposition hearing at which appellant may present evidence in mitigation.

CONTRERAS, P.J., and BROOKS, J., concur.