764 P.2d 46

**STATE of Arizona, Appellee,**

v.

**Tracy Shane TAYLOR, Appellant.**

**No. 1 CA–CR 11895.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 1, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div. and Susanna C. Pineda, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FIDEL, Judge.

A question of contract interpretation arises in the context of a criminal appeal. In a plea agreement the parties provided that Tracy Shane Taylor, the defendant-appellant, would "be jointly and severally liable [with a co-defendant, not a party to this appeal] to pay restitution in an amount not greater than $30,000." Did the parties thereby fix restitution at $30,000, beyond challenge by the defendant? Or did they merely place a $30,000 ceiling on defendant's restitution exposure, leaving defendant free to challenge any claimed amount in a restitution hearing before the court? These and related questions are presented in this appeal.

### Facts

Defendant Taylor and his codefendant Bryan West were indicted for conspiracy to commit, and commission of, fraudulent schemes and artifices, both class 2 felonies. Defendant pled guilty to the conspiracy charge, and the state agreed to dismiss the charge of fraudulent schemes and artifices. The plea agreement provided that defendant would receive probation and that, as a term of probation, he would spend a period in jail to be determined by the court. It also included the restitution provision quoted above. Defendant was represented by competent counsel, and his plea was entered and accepted in full compliance with his constitutional rights and the Arizona Rules of Criminal Procedure.

In a presentence report the adult probation department recommended that defendant be ordered to pay $30,000 in restitution. Defendant requested a restitution hearing, arguing that the probation department had failed to document victim losses in that amount. The court initially scheduled a

combined restitution/mitigation/sentencing hearing, but on the scheduled date it took no evidence of restitution. The state objected to defendant's restitution challenge as a violation of the plea agreement and argued that if the defendant persisted, the state should be allowed to withdraw from the plea. The trial court indicated that it was "favorably disposed" toward the state's position, but extended defendant a recess in which to determine whether to adhere to his request and thereby to risk the court's ruling on a withdrawal motion by the state. At the end of the recess, the defendant withdrew his request for a restitution hearing. The trial court proceeded to find him guilty of conspiracy to commit fraudulent schemes; it then suspended sentence, placing defendant on seven years probation, ordered him to serve one year in jail as a condition of probation, and ordered him to pay $30,000 of restitution in $200 monthly installments beginning on April 1, 1988. The court added that defendant could seek modification of the restitution order within 90 days by submitting evidence to the adult probation office of a different restitution amount.

On August 25, 1987, defendant appealed. On September 4, 1987, he requested a restitution modification hearing. On October 9, 1987, the trial court denied his request for modification of restitution, noting defendant's failure to submit evidence to warrant a change in restitution amount.[1]

Defendant argues on appeal that the court erroneously acceded to the state's misreading of the plea agreement. He claims that he was coerced by the threatened loss of an otherwise valuable plea into withdrawing his request for a restitution hearing. Citing *State v. Dodd*, 118 Ariz. 423, 424, 577 P.2d 274, 275 (App.1978), he claims that the withdrawal was involuntary and that the case should be remanded to afford him a restitution hearing.

The state responds that defendant's agreement to "be jointly and severally liable to pay restitution in an amount not greater than $30,000" was susceptible to differing interpretations. It concedes that the defendant might reasonably have construed the agreement to set $30,000 as a maximum, but it argues that its own interpretation was equally reasonable. As the state construes the agreement, restitution would be set at a *flat* $30,000 for defendant and his co-defendant, and the two defendants would be jointly and severally liable to pay it; however, because both defendants' payments would be credited against the total $30,000, each might ultimately satisfy his obligation by paying a lesser amount. In view of these two conflicting interpretations, the state suggests, there was no "meeting of the minds," and the trial court properly extended both parties the opportunity to withdraw. The state concludes that, once the defendant withdrew his request for a restitution hearing, the state chose not to withdraw, and sentencing proceeded, the defendant had waived any objection to the $30,000 restitution amount.

### The Wording of the Plea

█ The parties had power to stipulate to the amount of restitution the defendant would be obliged to pay. *State v. Henderson*, 149 Ariz. 254, 256, 717 P.2d 933, 935 (App.1986). The question is whether in the present agreement they fixed the amount of restitution at precisely $30,000, as the state contends, or merely set a $30,000 ceiling, as defendant contends.

"Although a plea bargain is a matter of criminal jurisprudence, such an agreement is contractual in nature and must be measured by contract law standards." *United States v. Sutton*, 794 F.2d 1415, 1423 (9th

---

1. The state does not argue that the proceeding on October 9th was an adequate substitute for the presentence restitution hearing that defendant initially sought. The trial court placed the burden on defendant on October 9th to come forward with evidence to justify a *modification* of the $30,000 order. Defendant, however, had claimed from the outset that the state and the adult probation office had failed to come forward with evidence to support the $30,000 *setting*. He sought a hearing not to change the level of restitution from the initial setting but to test the sufficiency of evidence to support the initial setting.

Cir.1986) (citing *United States v. Read,* 778 F.2d 1437, 1441 (9th Cir.1985)). "[A] court must give effect to the contract as it is written, and the terms or provisions of the contract, where clear and unambiguous, are conclusive." *Shattuck v. Precision–Toyota, Inc.,* 115 Ariz. 586, 588, 566 P.2d 1332, 1334 (1977) (quoting *Goodman v. Newzona Investment Co.,* 101 Ariz. 470, 472, 421 P.2d 318, 320 (1966)). "[A]ny dispute over the terms of the [plea] agreement will be determined by objective standards." *Sutton,* 794 F.2d at 1423 (citing *Read,* 778 F.2d at 1441).

The objective meaning of defendant's plea agreement is clear. The phrase, "in an amount *not greater than* $30,000," is incapable of bearing the state's construction. It does not fix restitution at exactly $30,000. It fixes no precise amount. It merely sets a $30,000 ceiling, above which restitution can not be set. Below that ceiling it leaves the court discretion to set restitution according to the facts, and it leaves defendant free to challenge any claimed amount as unsupported by the facts. Defendant's interpretation was as plainly right as the state's was plainly wrong.

### Defendant Did Not Waive A Restitution Hearing

■ Pursuant to A.R.S. § 13–901(H) (Supp.1987),

> When restitution is made a condition of probation, the court shall fix the amount thereof and the manner of performance. If the record does not contain sufficient evidence to support a finding of the amount, the court may conduct a hearing upon the issue, according to procedures established by rule of court.

A.R.S. § 13–804(F) (Supp.1987) similarly states:

> If the court does not have sufficient evidence to support a finding of the amount of restitution or the manner in which the restitution should be paid, it may conduct a hearing upon the issue according to

procedures established by rule of court. . . .

In *State v. Mears,* 134 Ariz. 95, 96, 654 P.2d 29, 30 (App.1982), we held that where "the record contained sufficient evidence to support the order of restitution ... it was unnecessary for the court to conduct a hearing under A.R.S. § 13–901(H)." In *Mears,* however, the defendant did not request a restitution hearing.

The question arises after *Mears* whether, as a matter of due process, the court was obliged to afford defendant a restitution hearing upon request. *See State v. Lack,* 98 N.M. 500, 650 P.2d 22 (Ct.App.1982); *State v. Trivedi,* 8 Ohio App.3d 412, 457 N.E.2d 868 (1982). Arizona courts have held that a defendant must be accorded a *mitigation* hearing upon request. *State v. Talton,* 153 Ariz. 433, 737 P.2d 409 (App. 1987); *State v. Asbury,* 145 Ariz. 381, 701 P.2d 1189 (App.1985). Should a restitution hearing be similarly provided upon request as a feature of defendant's "right to be sentenced on the basis of accurate information?" *State v. Grier,* 146 Ariz. 511, 515, 707 P.2d 309, 313 (1985).

We need not answer this question here. Although the defendant argued in his brief that the right to a restitution hearing upon request was a fundamental aspect of his right to a pre-sentence hearing, the state did not join issue on this ground. The state argued only that the defendant had waived any such right when he withdrew his hearing request. Accordingly, the state has conceded, for purposes of this case, the defendant's right to a restitution hearing in the event that its waiver argument fails.

We find no waiver. As previously indicated, the defendant withdrew his request only when confronted with the court's "favorable disposition" toward the state's mistaken argument. The defendant was plainly advised that if he insisted on a restitution hearing, the court would permit the state to withdraw from the plea. This was error. Defendant's persistence in requesting a hearing would neither have violated his plea agreement nor have entitled the state's withdrawal. The defendant invol-

untarily relinquished his request for a restitution hearing, and this constituted no waiver. *State v. Dodd*, 118 Ariz. at 424, 577 P.2d at 275.

We set aside the restitution order and remand with instructions to the trial court to conduct a restitution hearing in order to determine the proper amount of restitution.

The judgment of conviction and sentence are otherwise affirmed.

CORCORAN, P.J., and SHELLEY, J., concur.