987 P.2d 756

Miguel MEJIA, Petitioner,

v.

The Honorable Michael IRWIN, Judge of the Superior Court of the State of Arizona, In and For the County of La Paz, Respondent Judge,

Glen Buckelew, La Paz County Attorney, Real Party in Interest.

No. 1 CA–SA 98–0326.

Court of Appeals of Arizona, Division 1, Department D.

Feb. 16, 1999.

Review Denied Oct. 26, 1999.

R. Glenn Buckelew, La Paz County Attorney by Martin Brannan, Deputy County Attorney, Parker, Attorneys for Respondent.

Michael J. Burke, La Paz County Public Defender by Fred H. Welch, Deputy Public Defender, Parker, Attorneys for Petitioner.

## OPINION

BERCH, Judge.

¶ 1  Petitioner Miguel Mejia seeks special action relief from a sentence of two years in prison for violating the terms of his probation. Mejia argues that, as a first-time drug possessor, he is subject to the sentencing provisions of Arizona Revised Statutes Annotated ("A.R.S.") section 13–901.01 (Supp. 1998) and therefore cannot be sentenced to prison. We accept jurisdiction of this special action and grant relief.

## BACKGROUND

¶ 2  In April 1997, police officers stopped the car Mejia was driving for a traffic violation. During the ensuing investigation, the officers found that one of Mejia's passengers possessed methamphetamine. The officers determined that the drugs belonged to all three occupants of the vehicle. Mejia was charged with one count of possession of dangerous drugs for sale and one count of transportation of dangerous drugs for sale, both class two felonies. See A.R.S. § 13–3407(A)–(B) (Supp.1998).

¶ 3  Mejia subsequently accepted a written plea agreement and pled guilty to possession of dangerous drugs, a class four felony, with no prior convictions. See A.R.S. § 13–3407(A)(1), (B)(1). In establishing the factual basis for the plea, Mejia admitted that he was aware that his passenger possessed approximately half an ounce of methamphetamine. The trial court accepted the plea and, acknowledging that Arizona's laws mandated probation for first-time drug posses-

sors, sentenced Mejia to probation pursuant to A.R.S. section 13–901.01.

¶4 As one of several conditions of probation, Mejia was not to "possess or use any drug or narcotic except those prescribed by a physician." Mejia failed to abide by this term of probation and in May of 1998 was charged with three counts of violation of probation. At the probation violation hearing the following month, the trial court found by a preponderance of the evidence that Mejia had violated his probation.

¶5 At the disposition hearing, the trial court reviewed the facts surrounding the underlying offense as reported in the file and found that Mejia had possessed and transported methamphetamine for the purpose of selling it. Based on this finding, and despite its earlier determination that the case was subject to section 13–901.01, the court concluded that the prohibitions against imprisonment found in section 13–901.01 did not apply to Mejia's case because his was "not a personal possession case." The court then sentenced Mejia to two years in prison.

¶6 Mejia filed this special action.

## DISCUSSION

### A. Special Action Jurisdiction

¶7 We accept jurisdiction of this special action to determine whether section 13–901.01 precludes the trial court from sentencing Mejia to a term of imprisonment for violating his probation once the trial court has already accepted the plea agreement and sentenced Mejia for first-time possession of dangerous drugs.

¶8 This court may accept special action jurisdiction if a case presents an issue of first impression, and one of statewide importance that is likely to recur. See Snow v. Superior Court, 183 Ariz. 320, 322, 903 P.2d 628, 630 (App.1995); Lind v. Superior Court, 191 Ariz. 233, ¶10, 954 P.2d 1058, ¶10 (App. 1998). We have found no cases interpreting this aspect of A.R.S. section 13–901.01(E). Cf. Goddard v. Superior Court, 191 Ariz. 402, 404–05, 956 P.2d 529, 531–32 (App.1998) (holding that a person twice convicted of possession of drugs for sale did not fall with-

in the scope of A.R.S. § 13–901.01); Bolton v. Superior Court, 190 Ariz. 201, 203, 945 P.2d 1332, 1334 (App.1997) (interpreting 1997 version of act, stating that defendant should be given the option of withdrawing from plea agreement calling for mandatory probation if court rejects that provision of the agreement).

### B. A.R.S. Section 13–901.01

¶9 In 1996, Arizona voters passed, and in 1998 they reaffirmed, a statutory scheme that required alternatives to incarceration—such as treatment, education, and community service—for those convicted for the first time of possession or use of dangerous drugs. See Proposition 200, § 10 (adding A.R.S. § 13–901.01). The Act precludes a trial court from sentencing a defendant guilty of a first-time possession of drugs to a term in prison for violating probation:

> A person who has been placed on probation under the provisions of this section and who is determined by the court to be in violation of probation shall have new conditions of probation established by the court. The court shall select the additional conditions it deems necessary, including intensified drug treatment, community service, intensive probation, home arrest, or any other sanctions *short of incarceration.*

A.R.S. § 13–901.01(E) (emphasis added). The act does not apply, however, to those who possess or transport illegal drugs for sale. See A.R.S. § 13–901.01(C).

¶10 In this case, despite underlying facts suggesting the more serious crimes of possession and transportation of drugs for sale, the State offered Mejia a plea agreement requiring him to plead guilty only to one count of personal possession of drugs. The trial court reviewed the underlying charges and the file and the reports it contained; it questioned Mejia about the facts of the incident; and it accepted the plea agreement. Consistent with the terms of that agreement, the court sentenced Mejia to probation for the underlying offense to which he pled: personal possession of drugs with no prior felony convictions. At the sentencing on the underlying charge, the trial court stated its understanding that it was bound by the

terms of A.R.S. section 13–901.01 to sentence Mejia to a term of probation.

¶ 11  At Mejia's disposition on the probation violation charges, the court again reviewed the file, but this time found that Mejia's case was not one involving possession for personal use, but rather was a possession-for-sale case, thereby removing it from the scope of A.R.S. section 13–901.01. *See* A.R.S. § 13–901.01(C). The court then revoked probation and sentenced Mejia to two years in prison.

¶ 12  A plea agreement is like a contract between the State and the defendant and is subject to contract interpretation. *See United States v. Lewis*, 979 F.2d 1372 (9th Cir.1992); *State v. Taylor*, 158 Ariz. 561, 563–64, 764 P.2d 46, 48–49 (App.1988). When the court accepted the plea, it became bound by the terms of that agreement. *See Taylor*, 158 Ariz. at 564, 764 P.2d at 49; *State v. Williams*, 131 Ariz. 411, 412, 641 P.2d 899, 900 (App.1982) (a trial court may reject a stipulated sentence and allow the parties to withdraw from the plea agreement, but it may not impose a sentence contrary to the plea agreement).

¶ 13  This case differs from *Bolton*, a case in which a trial court rejected a probation term stipulated between the State and a defendant because the defendant had two prior convictions for possessing drugs. *See* 190 Ariz. at 202, 945 P.2d at 1333. The court affirmed the trial court's right to reject that term of the plea agreement, holding that "whether a defendant is entitled to be sentenced pursuant to section 13–901.01 is a matter of law to be decided by the court...." *Id.* at 203, 945 P.2d at 1334. It concluded, though, that "[b]ecause part of the plea agreement was rejected, Defendant should be given the option of withdrawing from [the plea agreement] pursuant to Rule 17.4(e), Arizona Rules of Criminal Procedure." *Id.*

¶ 14  Here, the trial judge had already accepted the plea agreement and sentenced Mejia pursuant to it. While we agree that a trial court may determine whether a defendant is entitled to be sentenced under a particular statute and should review each plea agreement to determine its propriety and appropriateness before accepting it, we do not believe that, having done so, the court can withdraw its approval at a later date and thereby change the terms of the agreement between the government and the defendant.

¶ 15  Because the trial judge accepted the plea agreement and sentenced Mejia pursuant to it, this case also differs from *Goddard*, 191 Ariz. at 402, 956 P.2d at 529. In that case, the defendant pled guilty to possession of drugs pursuant to an agreement that stipulated that there were "no agreements" as to sentencing. Among other convictions, the defendant had two prior convictions for possession of drugs for sale. *See* 191 Ariz. at 403, 956 P.2d at 530. In determining the appropriate sentence, the trial judge declined to apply the mandatory probation provisions of section 13–901.01 because of the defendant's two prior possession-for-sale convictions. *See id.* This court affirmed. *See id.* at 405, 956 P.2d at 532. As in *Bolton*, however, the trial court in *Goddard* had neither agreed to sentence nor sentenced the defendant pursuant to section 13–901.01. This factor distinguishes *Goddard* from the case now before us.

¶ 16  Although Mejia may have transported and possessed dangerous drugs for sale, he pled guilty only to possession of dangerous drugs. He has never been tried for or found guilty of possession or transportation of drugs for sale. Thus, he is entitled to sentencing pursuant to section 13–901.01.

¶ 17  The trial court is permitted to consider the facts underlying Mejia's plea agreement as aggravating circumstances. *See State v. Hanley*, 108 Ariz. 144, 146, 493 P.2d 1201, 1203 (1972). However, once having accepted the plea agreement, the trial court may not use the underlying facts to sentence Mejia for a crime for which he has never been convicted. *See Taylor*, 158 Ariz. at 564, 764 P.2d at 49; *Williams*, 131 Ariz. at 412, 641 P.2d at 900. To do so would be analogous to sentencing Mejia for crimes that were dismissed as part of the plea agreement. Obviously, the trial court could not have sentenced Mejia to five years in prison, the presumptive sentence for the class two felony of possession of drugs for sale, when

he initially pled to the class four felony of personal possession. Denying Mejia the right to be sentenced pursuant to section 13–901.01 for violating probation is no different. If the State believed that Mejia should not be entitled to mandatory probation, it should not have offered a plea agreement to mere possession of dangerous drugs. Similarly, if the trial court thought Mejia's offense too serious to warrant mandatory probation, it could have rejected the plea agreement. Once the State made the agreement with Mejia and the court accepted and acted upon it, all parties were bound by it.

¶ 18   Accordingly, we grant relief and remand this matter for resentencing consistent with this opinion.

CONCURRING: THOMAS C. KLEINSCHMIDT, Presiding Judge, and RUDOLPH J. GERBER, Judge.