995 P.2d 272

Daniel Alex FOSTER, Petitioner.

v.

The Honorable Michael IRWIN, Judge of the Superior Court of the State of Arizona, In and For the COUNTY OF LA PAZ, Respondent Judge,

R. Glenn Buckelew, La Paz County Attorney, Real Party in Interest.

No. CV–99–0002–PR.

Supreme Court of Arizona, En Banc.

Feb. 29, 2000.

Michael J. Burke, La Paz County Public Defender, Parker, Attorney for Petitioner.

R. Glenn Buckelew, La Paz County Attorney By Martin E. Brannan, Parker, Attorneys for Real Party in Interest.

## O P I N I O N

FELDMAN, Justice.

¶1 We granted review to determine whether a defendant convicted of possession of drugs for personal use is ineligible for mandatory probation under A.R.S. § 13–901.01 either because of a prior non-violent, non-drug-related felony conviction or because the trial judge believed that the defendant actually possessed the drugs for sale. We hold that the trial judge erred in sentencing the defendant to prison. We thus remand to the trial court for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶2 In 1998, Daniel Alex Foster was charged with possession of dangerous drugs, possession of dangerous drugs for sale, possession of drug paraphernalia, and possession of marijuana. He pleaded guilty only to possession of dangerous drugs (methamphetamine) in violation of A.R.S. § 13–3407(A)(1).[1] Judgment was entered on the plea, and Foster was sentenced to three years in prison. Over objection, the sentencing judge ruled that Foster was not eligible

for sentencing to probation under § 13–901.01 because he had a prior non-violent, non-drug-related felony conviction in California for evading police [2] and because the judge believed Foster actually possessed the drugs for sale even though he pleaded guilty to and was convicted of possession. Following the imposition of sentence, the judge stayed its execution to allow appellate review of the issue of whether probation was mandatory under § 13–901.01. Foster filed a special action in the court of appeals, arguing that the judge abused his discretion in sentencing Foster to prison. A majority of the court declined to accept jurisdiction. We granted review to determine the proper application of § 13–901.01, the codification of the measure known as Proposition 200. We have jurisdiction pursuant to Ariz. Const. art. VI, § 5(3) and (4).

## DISCUSSION

¶3 In construing the statute, our "primary purpose is to effectuate the intent of those who framed the provision and, in the case of an [initiative], the intent of the electorate that adopted it." *Jett v. City of Tucson*, 180 Ariz. 115, 119, 882 P.2d 426, 430 (1994). We have recently discussed the history of Proposition 200 and the subsequent enactment of § 13–901.01. *See Calik v. Kongable*, 195 Ariz. 496, 990 P.2d 1055 (1999). Briefly stated, the purpose was to change Arizona's drug control policy by treating drug abuse as a medical problem best handled by treatment and education, not by incarceration. *See id.* at 501, 990 P.2d at 1060; *see also* Text of Proposed Amendment § 2, Proposition 200, 1996 Ballot Propositions. This intent was expressed by requiring a probation sentence for a first or second conviction of personal use or possession. § 13–901.01(A) and (F).[3] Standard felony sentenc-

---

1. A.R.S. § 13–3407(A)(1) reads as follows:

   A person shall not knowingly:
   1. Possess or use a dangerous drug.

2. Foster also had a prior California misdemeanor conviction for a drug offense. This affects sentencing but not probation eligibility. *See post* at ¶9.

3. At the time of Foster's arrest, § 13–901.01 read as follows:
   A. Notwithstanding any law to the contrary, any person who is convicted of the personal possession or use of a controlled substance as defined in § 36–2501 is eligible for probation. The court shall suspend the imposition or execution of sentence and place such person on probation.

ing provisions that permit imprisonment apply only if the defendant has been convicted at least three times for personal possession or use or if the defendant has been convicted of a violent crime. § 13–901.01(G); *see also Calik*, 195 Ariz. at 499, 990 P.2d at 1058.

## A. The trial judge is bound by the plea agreement he approved and accepted.

¶4 The statute at issue declares that "any person who is convicted of the personal possession or use of a controlled substance as defined in § 36–2501 is eligible for probation." § 13–901.01(A). There are exceptions to eligibility for probation for a person convicted of a violent crime or for a person who has been convicted three times of personal possession or use of a controlled substance. § 13–901.01(C) and (G). It is a settled rule in Arizona that "[a] judgment or sentence must conform to the offense for which an accused has been charged and convicted, or to which he has entered his plea of guilty. The court cannot render judgment or pronounce sentence for another or different offense." *Haney v. Eyman*, 97 Ariz. 289, 291, 399 P.2d 905, 906 (1965). In this case, Foster was not found guilty of possession of dangerous drugs for sale; thus he remains eligible for sentencing pursuant to § 13–901.01.

B. Any person who has been convicted of or indicted for a violent crime as defined in § 41–1604.15, subsection B is not eligible for probation as provided for in this section but instead shall be sentenced pursuant to the other provisions of chapter 34 of this title.

C. Personal possession or use of a controlled substance pursuant to this section shall not include possession for sale, production, manufacturing, or transportation for sale of any controlled substance.

D. If a person is convicted of personal possession or use of a controlled substance as defined in § 36–2501, as a condition of probation, the court shall require participation in an appropriate drug treatment or education program administered by a qualified agency or organization that provides such programs to persons who abuse controlled substances. Each person enrolled in a drug treatment or education program shall be required to pay for participation in the program to the extent of the person's financial ability.

E. A person who has been placed on probation under the provisions of this section and

¶5 Our procedural rules also reflect the same principle. "Upon a determination of guilt on any charge ... judgment pertaining ... to *that charge* shall be pronounced and entered together with the sentence." Ariz.R.Crim.P. 26.2(b) (emphasis added). Determination of guilt may be by "verdict of guilty by a jury, a finding of guilt by a court following a non-jury trial, or the *acceptance by the court of a plea of guilty* or no contest." Ariz.R.Crim.P. 26.1(c) (emphasis added). Thus our court of appeals has concluded that once "the State made the [plea] agreement with [defendant] and the [trial] court accepted and acted upon it, all parties were bound by it." *Mejia v. Irwin*, 195 Ariz. 270, 273, 987 P.2d 756, 759 (App. 1999). "[H]aving accepted the plea agreement, the trial court may not use the underlying facts to sentence [defendant] for a crime for which he has never been convicted." *Id.* at 272, 987 P.2d at 758. We believe *Mejia* was correctly decided.

¶6 As the court said,

If the State believed that [defendant] should not be entitled to mandatory probation, it should not have offered a plea agreement to mere possession of dangerous drugs. Similarly, if the trial court thought [defendant's] offense too serious to warrant mandatory probation, it could have rejected the plea agreement.

who is determined by the court to be in violation of probation shall have new conditions of probation established by the court. The court shall select the additional conditions it deems necessary, including intensified drug treatment, community service, intensive probation, home arrest, or any other such sanctions short of incarceration.

F. If a person is convicted a second time of personal possession or use of a controlled substance as defined in § 36–2501, the court may include additional conditions of probation it deems necessary, including intensified drug treatment, community service, intensive probation, home arrest, or any other action within the jurisdiction of the court.

G. A person who has been convicted three times of personal possession or use of a controlled substance as defined in § 36–2501 is not eligible for probation under the provisions of this section but instead shall be sentenced pursuant to the other provisions of Chapter 34 of this title.

*Id.* at 273, 987 P.2d at 759. The trial judge "shall either accept or reject the tendered negotiated plea." Ariz.R.Crim.P. 17.4(d). Simply put, the trial judge may not accept and enter judgment on a guilty plea and then substitute his or her personal view of the facts to sentence the defendant for a crime for which he was not convicted.

### B. *"Possession" under § 13–3407(A)(1) qualifies as "personal possession" under § 13–901.01.*

■ ¶ 7 The state argues that "possess" or "use," as those phrases are criminalized by § 13–3407(A)(1), are or may be different from and broader than the "personal possession or use" referred to in § 13–901.01. Thus, a conviction for possession or use under § 13–3407(A)(1) does not necessarily qualify as personal possession or use requiring a defendant to be sentenced under § 13–901.01. But neither the text nor the history of Proposition 200 supports this theory. The terms "possession" and "personal possession" are not separately defined in the criminal code. *See* § 13–3401. As written, Proposition 200 excepted "possession for sale, production, manufacturing or transportation for sale of any controlled substance" from the definition of "personal possession or use of a controlled substance," thereby making the latter term different and separate from the former. § 13–901.01(C). Thus, Proposition 200 differentiates non-commercial possession or use from the commercial or potentially commercial trafficking in controlled substances. This and the fact that possession and use are treated together in § 13–3407(A)(1) lead us to the conclusion that personal possession and use under § 13–901.01 is the same as possession and use under § 13–3407(A)(1). *See also Goddard v. Superior Court,* 191 Ariz. 402, 404–05, 956 P.2d 529, 531–32 (App.1998) (noting distinction made by drafters and voters between possession for use and possession for other purposes).

### C. *Prior felony convictions for crimes that are both non-violent and non-drug-related do not preclude probation under § 13–901.01.*

■ ¶ 8 In 1994, Foster was convicted in California of evading police, a felony. Under § 13–901.01(B), probation is precluded for any person convicted of a violent crime. A violent crime "includes any criminal act that results in death or physical injury or any criminal use of a deadly weapon or dangerous instrument." § 13–604.04(B). The state did not brief or argue the issue of whether Foster's conviction for evading police was a violent crime. Thus, his only prior felony conviction does not remove Foster from the mandatory probation requirement of § 13–901.01. The court of appeals has held that Proposition 200 did not "give courts the authority to convert prior non-violent, non-drug-related felony convictions into prior personal possession convictions." *Gray v. Irwin,* 195 Ariz. 273, 277, 987 P.2d 759, 763 (App.1999). We believe *Gray* was correctly decided.

¶ 9 Though the felony conviction for evading police does not render the mandatory sentencing provisions of § 13–901.01 inapplicable, because of Foster's prior misdemeanor drug conviction in California he must be sentenced under § 13–901.01(F), which deals with those convicted of personal possession or use for a second time. Such a second conviction for personal possession or use of a controlled substance still requires probation, but it permits the judge to include "additional conditions of probation [he] deems necessary, including ... any other action within the jurisdiction of the court." § 13–901.01(F). We have noted that under § 13–901(F), the general probation statute, the judge may require jail incarceration for up to one year as part of "any other action within the jurisdiction of the court." *Calik,* 195 Ariz. at 499, 990 P.2d at 1058. Thus, on remand the trial judge may consider Foster's prior felony conviction for evading police when determining whether and for how long to sentence Foster to jail as a term of his probation, as long as the time of such incarceration does not exceed one year. § 13–702(C)(11). *See Gray,* 195 Ariz. at 277, 987 P.2d at 763.

### CONCLUSION

¶ 10 Proposition 200 requires that any person convicted of personal possession or use of a controlled substance be placed on probation

in accordance with its terms. Conviction of possession and use under A.R.S. § 13–3401(A)(1) automatically brings one within the statute. A prior conviction for a non-violent, non-drug-related crime does not negate the probation requirement under this statute, and a trial judge is bound by the judgment of conviction. A defendant must be sentenced according to the statute applicable to the crime for which the defendant has been convicted. The trial judge's opinion regarding the "true" facts is irrelevant in determining which sentencing statute applies. Thus, we vacate Foster's sentence and remand this case to the trial court for re-sentencing and such further proceedings as are appropriate and consistent with this opinion.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, FREDERICK J. MARTONE, Justice, and RUTH V. McGREGOR, Justice.