IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2001-0533 |
| Appellee, | ) | DEPARTMENT B |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| CARLOS NORMAN GIVENS, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20010494

Honorable Howard Fell, Judge Pro Tempore

AFFIRMED

Terry Goddard, Arizona Attorney General
 By Randall M. Howe and E. J. Steinberg, a
  student certified pursuant to Rule 38,
  Ariz. R. Sup. Ct., 17A A.R.S.                                    Phoenix
                                                        Attorneys for Appellee

Susan A. Kettlewell, Pima County Public Defender
 By John F. Palumbo                                                  Tucson
                                                        Attorneys for Appellant

E S P I N O S A, Chief Judge.

¶1      Following a bench trial, the court convicted appellant of aggravated assault, possession of marijuana for sale, possession of a narcotic drug, and possession of drug paraphernalia. The court imposed concurrent prison terms of five years for count two (aggravated

assault), 2.5 years for counts seven and eight (drug possession), and one year for count nine (paraphernalia). Appellant challenges only the validity of the sentences imposed on counts eight and nine, claiming the court was required to place him on probation in accordance with A.R.S. § 13-901.01. We disagree and affirm the judgment.

¶2        The question whether the trial court had the authority to sentence appellant to prison for possession of narcotic drugs and possession of drug paraphernalia is an issue of law that we review de novo. See State v. Bomar, 199 Ariz. 472, 19 P.3d 613 (App. 2001). At the time appellant committed these offenses, § 13-901.01(A) stated: "Notwithstanding any law to the contrary, any person who is convicted of the personal possession or use of a controlled substance as defined in [A.R.S.] § 36-2501 is eligible for probation. The court shall suspend the imposition or execution of sentence and place such person on probation."[1] Enacted as part of the ballot initiative known as the Drug Medicalization, Prevention, and Control Act of 1996, or Proposition 200, the statute prohibits incarceration of persons convicted of personal possession or use of a controlled substance for the first or second time, requiring that the person be placed on probation. Foster v. Irwin, 196 Ariz. 230, 995 P.2d 272 (2000). In State v. Estrada, 201 Ariz. 247, 34 P.3d 356 (2001), our supreme court held that incarceration is also prohibited when the defendant has been convicted of possession of drug paraphernalia.

¶3        Section 13-901.01(B) provides that "[a]ny person who has been convicted of or indicted for a violent crime as defined in [A.R.S.] § 13-604.04 is not eligible for probation as

---

[1]This statute has since been amended by the voters to include convictions for drug paraphernalia. See 2002 Ariz. Sess. Laws, House Concurrent Resolution 2013, §1, approved as Proposition 302 on November 5, 2002.

provided for in this section but instead shall be sentenced pursuant to chapter 34 of this title." A violent crime for the purposes of § 13-901.01(B) includes "any criminal use of a deadly weapon or dangerous instrument." A.R.S. § 13-604.04(B). A trial court may not impose a prison sentence unless the defendant has been given sufficient notice of the violent crime that makes him ineligible for probation. State v. Benak, 199 Ariz. 333, 18 P.3d 127 (App. 2001). An allegation of a violent offense in the indictment is sufficient notice to the defendant. State v. Hensley, 201 Ariz. 74, 31 P.3d 848 (App. 2001). The issue here is the meaning of the words, "has been convicted of or indicted," contained in § 13-901.01(B).

¶4        The state alleged that the offense of aggravated assault with a deadly weapon was a violent offense under § 13-604.04, and, consequently, appellant could be incarcerated on the drug possession and paraphernalia charges. Appellant argues, however, that for the purposes of § 13-901.01(B), the conviction or indictment for a violent offense must be a prior conviction or indictment rather than one charged in the same complaint as the drug offenses.[2] This raises a question regarding statutory construction, which we review de novo. Zamora v. Reinstein, 185 Ariz. 272, 915 P.2d 1227 (1996).

¶5        Our goal in interpreting statutes is to give effect "'to the intent of those who framed the provision and, in the case of an [initiative], the intent of the electorate that adopted it.'" Calik v. Kongable, 195 Ariz. 496, ¶10, 990 P.2d 1055, ¶10 (1999), quoting Jett v. City of Tucson, 180

---

[2]We note that appellant raised this issue for the first time in his reply brief. Ordinarily, we would not address the claim. State v. Guytan, 192 Ariz. 514, 968 P.2d 587 (App. 1998). But we do so here because it calls into question the legality of the sentence. Cf. State v. Vargas-Burgos, 162 Ariz. 325, 783 P.2d 264 (App. 1989) (claim that sentence is illegal is not waived by defendant's failure to object in trial court).

Ariz. 115, 119, 882 P.2d 426, 430 (1994). To that end, we look first to the plain language of the statute as the most reliable indicator of its meaning. State v. Williams, 175 Ariz. 98, 854 P.2d 131 (1993). If the language is clear, we must follow the text as written without employing other rules of statutory construction. State v. Riggs, 189 Ariz. 327, 942 P.2d 1159 (1997). We believe the phrase "has been convicted of or indicted" could mean either a prior conviction or indictment in an unrelated case, as appellant contends, or it could mean a conviction or indictment in the same case as the drug violation, as implicitly urged by the state.

¶6        When, as here, a statute's language is ambiguous, we determine intent by "reading the statute as a whole, giving meaningful operation to all of its provisions, and by considering factors such as the statute's context, subject matter, historical background, effects and consequences, and spirit and purpose." Zamora, 185 Ariz. at 275, 915 P.2d at 1230; see also Calik. Section 13-901.01 is a part of Proposition 200, the express purpose of which was to require non-violent persons convicted of personal possession or use of drugs to undergo court supervised treatment and to free prison and jail space for violent offenders. State v. Tousignant, 202 Ariz. 270, 43 P.3d 218 (App. 2002). The proposition reflects a change in drug policy by responding to non-violent drug abusers with treatment and education, rather than incarceration. Foster; Calik.

¶7        Nothing in § 13-901.01(B) suggests that a defendant cannot be regarded as a violent offender if, as in this case, the violent offense is charged in the same indictment or information as the drug offense and the defendant is found guilty. Appellant cannot be characterized as a non-violent offender because he was charged with and convicted of a "violent crime," § 13-901.01(B), that involved his "use of a deadly weapon or dangerous instrument." § 13-604.04(B). Therefore,

4

he is not in the category of defendants the rehabilitative purpose of the statute was designed to serve. Rather, because he was charged with committing a violent offense and was convicted of that offense, he is not exempt from potential incarceration. And that is so regardless of whether the conviction of the violent offense was obtained in the same proceeding as the drug offense. Moreover, because the state filed a notice of "violent crime allegation" with the indictment, appellant was provided sufficient notice of its intent to consider him a violent offender. Benak.

¶8        Affirmed.

_____
PHILIP G. ESPINOSA, Chief Judge

CONCURRING:


_____
JOHN PELANDER, Presiding Judge


_____
WILLIAM E. DRUKE, Judge (Retired)

5