IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2011-0064 |
| | ) | DEPARTMENT A |
| Appellee, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| LINDA ANN SIPLIVY, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CR201000705

Honorable James L. Conlogue, Judge

AFFIRMED

Thomas C. Horne, Arizona Attorney General
 By Kent E. Cattani, Joseph L. Parkhurst,
 and Kathryn A. Damstra                                        Tucson
                                                    Attorneys for Appellee

Joel Larson, Cochise County Legal Defender
 By Richard M. Swartz                                         Bisbee
                                                   Attorneys for Appellant

H O W A R D, Chief Judge.

**¶1** Following a three-day jury trial, appellant Linda Siplivy was convicted of transportation of methamphetamine for sale,[1] two counts of possession of a narcotic drug, possession of marijuana, and five counts of possession of drug paraphernalia, two of which involved methamphetamine. The trial court sentenced Siplivy to presumptive, consecutive and concurrent terms of imprisonment totaling 12.5 years. Counsel has filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Clark*, 196 Ariz. 530, 2 P.3d 89 (App. 1999), stating he has reviewed the record and has not found any arguable issues to raise on appeal.[2] Counsel has asked us to search the record for "reversible error." In searching the record for fundamental error, we found potential error regarding the sentences for the offenses not involving methamphetamine and thus directed the parties to file supplemental briefs on this issue, which they have. For the reasons set forth below, we affirm.

**¶2** Viewed in the light most favorable to sustaining the verdicts, the evidence was sufficient to support each of the jury's findings of guilt. *See State v. Tamplin*, 195 Ariz. 246, ¶ 2, 986 P.2d 914, 914 (App. 1999). During an August 2010 traffic stop of the vehicle Siplivy was driving, Cochise County Sheriff's deputies noticed Siplivy had "what

---

[1]Although the jury found Siplivy guilty of two counts of possession of methamphetamine for sale, and one count each of possession of methamphetamine and transportation of methamphetamine for sale, the trial court entered judgment only on the last offense.

[2]Although defense counsel did not "raise" any arguable issues, in a footnote in the opening brief he asserted, "[i]t appears that the sentence did not regard the provision of A.R.S. § 13-901.01 [Proposition 200], in that there has been no allegation to indicate that the non-methamphetamine related charges would not otherwise be probation mandatory." Counsel then concluded this issue "is usually taken up by a petition for Post[-]Conviction Relief."

appeared to be an unnatural bulge or protrusion . . . [that] looked like male genitalia" in the crotch area of her shorts. Searches of Siplivy and the vehicle yielded two plastic bags that contained marijuana, "a glass smoking pipe with burn marks [and] white residue" inside a small "zipper type pouch," at least twenty "smaller postage stamp size Ziploc bags and other various sized Ziploc bags" that contained crystal methamphetamine, and "some pills," later identified as morphine and oxycodone. The jury was presented with evidence that methamphetamine in excess of nine grams, present here, along with "smaller baggies," usually indicates the owner intends to sell the drug, and that "most people . . . smoke methamphetamine in a glass smoking device."

**¶3** In reviewing the record pursuant to *Anders*, we observed that, although Siplivy ostensibly should have been placed on mandatory probation pursuant to A.R.S. § 13-901.01 for the six non-methamphetamine offenses, the trial court nonetheless imposed prison terms for those offenses. We thus directed the parties to submit supplemental briefs on that issue.

**¶4** "In 1996, Arizona voters enacted the Drug Medicalization, Prevention, and Control Act, commonly referred to as Proposition 200, which is codified primarily in [§] 13-901.01." *State v. Reinhardt*, 208 Ariz. 271, ¶ 1, 92 P.3d 901, 902 (App. 2004). "Proposition 200 was intended to divert nonviolent drug possessors to treatment and to free prison space for drug dealers and violent offenders." *State v. Pereyra*, 199 Ariz. 352, ¶ 11, 18 P.3d 146, 149 (App. 2001). Section 13-901.01 provides in relevant part that "any person who is convicted of the personal possession or use of a controlled substance or drug paraphernalia is eligible for probation" and shall be placed on probation, unless

3

the person "[h]as been convicted three times of personal possession of a controlled substance or drug paraphernalia," or "[w]as convicted of the personal possession or use of a controlled substance or drug paraphernalia and the offense involved methamphetamine." § 13-901.01(A), (H)(1), (4). The statute further provides that "[a]ny person who has been convicted of . . . a violent crime" is ineligible for probation. § 13-901.01(B). The language of § 13-901.01 unambiguously provides that Siplivy was ineligible for probation on the three methamphetamine offenses. However, the question before us is whether Siplivy, who was convicted simultaneously of multiple offenses, some of which otherwise would qualify for mandatory probation and some of which do not, is entitled to mandatory probation for the qualifying offenses under § 13-901.01.[3] We conclude she is not.

¶5 Because Siplivy did not object to her sentences below, she has waived the right to relief for all but fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607 (2005). However, "[i]mposition of an illegal sentence constitutes fundamental error." *State v. Thues*, 203 Ariz. 339, ¶ 4, 54 P.3d 368, 369 (App. 2002). In its brief filed at our direction the state concedes Siplivy should have been sentenced pursuant to § 13-901.01 and the error was fundamental. However, at oral argument, the state acknowledged § 13-901.01 is not a model of clarity and asserted Siplivy is not entitled to mandatory probation under the statute, despite its previous confession of error.

---

[3]It is undisputed that, other than having been convicted of the instant offenses involving methamphetamine, Siplivy qualifies for mandatory probation under § 13-901.01.

¶6　　　　We review questions of statutory interpretation de novo. *State v. Lewandowski*, 220 Ariz. 531, ¶ 6, 207 P.3d 784, 786 (App. 2009). In construing statutes adopted by initiative, such as § 13-901.01, our primary objective is to give effect to the intent of the electorate. *State v. Gomez*, 212 Ariz. 55, ¶ 11, 127 P.3d 873, 875 (2006). Accordingly, if the statute's language is unambiguous, we apply that language without using other means of statutory construction, *id.*, unless that interpretation would lead to an absurd result, *Calik v. Kongable*, 195 Ariz. 496, ¶ 12, 990 P.2d 1055, 1058 (1999). But, if the statute's language is ambiguous or unclear, "'we consider [its] context; its language, subject matter, and historical background; its effects and consequences; and its spirit and purpose.'" *Gomez*, 212 Ariz. 55, ¶ 11, 127 P.3d at 875, *quoting Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994).

¶7　　　　In examining the plain language of § 13-901.01 we note the use of various verb tenses throughout the statute. Subsection (H)(4), the focus of our inquiry here, provides that a person who "[w]as convicted of" certain offenses involving methamphetamine does not qualify for mandatory probation. Subsection (A) provides "any person who is convicted of" certain offenses "is eligible for probation," while subsection (B) states that "[a]ny person who has been convicted of . . . a violent crime . . . is not eligible for probation." Additionally, subsection (H)(1) provides that a person who "[h]ad been convicted three times of personal possession" does not qualify for mandatory probation. The lack of clarity in verb tenses makes it more difficult to determine whether the legislature intended any particular exception to apply to past offenses, only current

5

offenses, or to a particular defendant. Looking to the plain language of the statute, we find it is subject to more than one reasonable interpretation.

**¶8** As it applies to this case, it is unclear whether a person like Siplivy, who was convicted of possession involving methamphetamine, fails to qualify for mandatory probation only on that particular offense, or on that offense and on all others that are part of the same case, even those which otherwise qualify for mandatory probation under § 13-901.01. Because we conclude the statute is ambiguous on its face, we determine its meaning instead by considering its context, subject matter, spirit, and purpose. *See Gomez*, 212 Ariz. 55, ¶ 11, 127 P.3d at 875.

**¶9** In 2006, ten years after Proposition 200 was enacted, the Arizona State Senate passed Senate Concurrent Resolution 1033, a resolution "enacting and ordering the submission to the people of a measure relating to probation for methamphetamine offenses," which ultimately was codified as § 13-901.01(H)(4). That statute, approved by the voters, provides that a person does not qualify for a mandatory sentence of probation if he or she "was convicted of the personal possession or use of a controlled substance or drug paraphernalia and the offense involved methamphetamine." *See* S. Con. Res. 1033, 47th Leg. ¶ 1 (Ariz. 2006) (enacted). That language unambiguously provides that a defendant who was convicted of personal possession, use, or possession of drug paraphernalia involving methamphetamine does not qualify for mandatory probation under § 13-901.01(A). *Cf. Calik*, 195 Ariz. 496, ¶¶ 20-21, 990 P.2d at 1060 (intent of electorate clear from approval of subsequent initiative related to initial measure).

6

¶10    Based on the following excerpt from the minutes of the 2006 House of Representatives Committee on Judiciary Meeting on S.C.R. 1033, Senator Ken Bennett, the sponsor of the resolution, clarified that the intent of the resolution was that individuals who commit certain methamphetamine offenses may be sent to prison or jail:

> Since there was no real "hammer" of jail time to ensure that people would fulfill probationary measures for first and second offenses, in too many cases people would not follow through. This measure would go back to the voters to ask them if they would exclude methamphetamine so that incarceration is available upon first, second or third offenses to ensure these individuals get in treatment and counseling programs. [Bennett] stated that something is needed to ensure there is a reasonable opportunity to address this problem early on in the process.

House Judiciary Comm. Minutes, 47th Leg., 2d Reg. Sess. (Ariz. Mar. 30, 2006); *see Hernandez v. Lynch*, 216 Ariz. 469, ¶ 15, 167 P.3d 1264, 1269 (App. 2007) (relying on sponsor's comments as evidence of legislative intent); *cf. Munroe v. Galati*, 189 Ariz. 113, 119, 938 P.2d 1114, 1120 (1997) ("If there is any textual ambiguity, we believe statements of those individuals and committees that managed and heard the bill provide clear indication of their intent."), *abrogated by Geier v. Am. Honda Motor Co., Inc.*, 529 U.S. 861, 866 (2000).

¶11    Given the announced public policy concerning persons who commit methamphetamine related offenses, we cannot conclude the legislature intended to impose such incentives on the methamphetamine-related offenses, but not the other associated offenses. We conclude, therefore, that the legislature intended to exclude

defendants convicted of methamphetamine-related offenses from mandatory probation rather than just excluding those offenses.

¶12 This court previously has addressed, albeit as to different offenses, whether a defendant is entitled to mandatory probation when other simultaneous convictions require a prison term. In *State v. Givens*, 206 Ariz. 186, ¶¶ 1, 7, 76 P.3d 457, 458-59 (App. 2003), we concluded that Givens, who was charged with and convicted of a violent offense in the same proceeding as the drug offense that qualified for mandatory probation, was not entitled to mandatory probation under § 13-901.01(B) ("person who has been convicted of or indicted for a violent crime . . . is not eligible for probation as provided for in this section").[4] We reasoned that Givens was "not in the category of defendants the rehabilitative purpose of the statute was designed to serve" and that he was "not exempt from potential incarceration." *Givens*, 206 Ariz. 186, ¶ 7, 76 P.3d at 459. And notably, we further concluded Givens was not entitled to mandatory probation under § 13-901.01 when he was convicted of a violent offense in the same proceeding as the drug offense. *Id.*

¶13 Our ruling in *Givens* promoted the legislative intent to provide an alternative to imprisonment for non-violent drug offenders, which Givens was not. Similarly, as an individual convicted of possession of drug paraphernalia related to methamphetamine, we conclude that Siplivy "is not in the category of defendant[] the rehabilitative purpose of the statute was designed to serve." *See id.* Siplivy will serve ten

---

[4]The relevant portion of the statute has not changed since we ruled in *Givens*. *See* 1999 Ariz. Sess. Laws, ch. 261, § 11.

8

years in prison on the transportation for sale of methamphetamine offense before the sentences for the non-methamphetamine offenses begin. Therefore, Proposition 200's intent to afford drug rehabilitation treatment without incarceration cannot be achieved in this case.[5] Accordingly, we conclude the trial court properly imposed prison terms, even for the non-methamphetamine offenses, rather than imposing mandatory probation under § 13-901.01 for those offenses. We additionally note that our ruling is limited to defendants like Siplivy, who have been convicted simultaneously of methamphetamine and non-methamphetamine offenses.

¶14     Pursuant to our obligation under *Anders*, we have searched the record for fundamental, reversible error and have found none. Therefore, we affirm Siplivy's convictions and sentences.


/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge

CONCURRING:

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge

/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Judge

---

[5]However, the trial court retained discretion to impose a term of probation if it otherwise is available. *See* § 13-901.01(I).