NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MARCUS TRAVIS MEDRANO, *Appellant.*

No. 1 CA-CR 14-0130
FILED 7-28-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-000406-001
The Honorable Roland J. Steinle, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Charles R. Krull
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Patricia A. Orozco joined.

---

**G O U L D**, Judge:

**¶1**          Defendant Marcus Travis Medrano appeals from his prison sentences for two drug convictions on the grounds he was entitled to mandatory probation.  He also claims he was awarded incorrect presentence incarceration credit.  For the reasons that follow, we affirm in part, vacate in part and remand.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**          Defendant was indicted for aggravated assault on a police officer, a dangerous nature felony, possession of narcotic drugs, and possession of drug paraphernalia.  The indictment alleged Defendant used a knife, a deadly weapon, in committing the aggravated assault.

**¶3**          The jury found Defendant guilty on both of the drug charges and guilty of the lesser-included offense of disorderly conduct on the aggravated assault charge.  The jury further found the disorderly conduct to be a dangerous nature offense.

**¶4**          At sentencing, the State elected to treat Defendant's disorderly conduct conviction as a repetitive felony rather than a dangerous felony.  The court found Defendant had two or more historical felonies rendering Defendant a category 3 offender.  Based on the jury's determination that Defendant was on release for a prior felony conviction at the time he committed the subject offenses,[1] the court increased the sentence for each count by 2 years and ordered the sentences served consecutive to the sentence imposed in the prior case.  As a result, Defendant was sentenced to concurrent prison terms of 6 years on the disorderly conduct and drug paraphernalia convictions, and 13 years on the drug possession conviction.  The court did not award Defendant credit for time served in custody because (1) the sentences were imposed consecutively to Defendant's prior conviction, and (2) the court concluded

---

[1]          Maricopa County Superior Court Case No. CR2011-157573-001.

Defendant had already been given credit for time spent in custody in his prior case.

¶5        Defendant timely appealed.

**DISCUSSION**

I.        Eligibility for Prison

¶6        Defendant claims he was entitled to mandatory probation for his drug convictions in accordance with Arizona Revised Statute ("A.R.S.") section 13-901.01.  He argues the State did not provide the requisite notice to sentence him as a violent offender, an exception to the mandatory probation provisions of A.R.S. § 13-901.01.

¶7        "Section 13-901.01 is the codification of a voter initiative commonly known as Proposition 200" that directs mandatory probation for defendants "'convicted of certain nonviolent, first- and second-time drug offenses.'"  *State v. Joyner*, 215 Ariz. 134, 137, ¶¶ 6-7 (App. 2007) (citing *State v. Rodriguez*, 200 Ariz. 105, ¶ 2 (App. 2001)).  "Proposition 200 is intended both to require less costly, but more effective, treatment programs for non-violent drug offenders and to promote the imprisonment of violent offenders. . . . Consistent with these goals, A.R.S. § 13–901.01(B) excludes violent offenders from the mandatory probation otherwise afforded by Proposition 200."  *State v. Gomez*, 212 Ariz. 55, 59, ¶ 20 (2006); *see* A.R.S. § 13-901.01(B) ("Any person who has been convicted of or indicted for a violent crime as defined in § 13-901.03 is not eligible for probation . . . but instead shall be sentenced pursuant to chapter 34 of [title 13].").

¶8        A defendant must be given notice prior to trial that his prior convictions for a violent crime render him ineligible for probation under A.R.S. § 13-901.01(B).  *State v. Benak*, 199 Ariz. 333, 336-37, ¶ 14 (App. 2001).  However, when a violent offense is charged in the same indictment as a drug offense, and the defendant is found guilty of the violent offense, no separate notice is required.  *State v. Givens*, 206 Ariz. 186, 188, ¶ 7 (App. 2003) ("Nothing in § 13–901.01(B) suggests that a defendant cannot be regarded as a violent offender if, as in this case, the violent offense is charged in the same indictment or information as the drug offense and the defendant is found guilty.").  The indictment can provide sufficient notice of a defendant's potential imprisonment.  *Benak*, 199 Ariz. at 337, ¶ 16 (citing *State v. Burge*, 167 Ariz. 25, 28 (1990)).

¶9        Defendant received adequate notice he would not be eligible for mandatory probation under A.R.S. § 13-901.01(A).  The indictment

charged Defendant with assaulting a police officer using a knife. The indictment further designated the offense as a dangerous nature felony alleging Defendant used or threateningly exhibited the knife, a deadly weapon or dangerous instrument. Under A.R.S. § 13-901.03(B), the criminal use of a deadly weapon or dangerous instrument in the commission of an offense constitutes a violent crime. It is clear from the face of the indictment that Defendant was being charged with a violent crime. Under these circumstances, the indictment provided adequate notice that Defendant would be ineligible for mandatory probation on his drug convictions, and no reference to A.R.S. § 13-901.03(B) was needed. *Givens*, 206 Ariz. at 188, ¶ 7.

¶**10**         Defendant's conviction for the lesser-included offense of disorderly conduct does not make him eligible for mandatory probation. He was convicted of a lesser crime, but it was still a violent crime. *See Montero v. Foreman*, 204 Ariz. 378, 381-82, ¶ 13 (App. 2003) (stating that disorderly conduct involving recklessly handling displaying or discharging a deadly weapon or instrument is a violent crime under 13-901.03 even if no determination of dangerousness has been made). The jury specifically found the disorderly conduct to be a dangerous offense because of the use of a deadly weapon. Thus, the court properly found probation was unavailable, and sentenced Defendant to prison terms on the drug counts. *Givens*, 206 Ariz. at 188, ¶ 7 ("[B]ecause he was charged with committing a violent offense and was convicted of [a violent] offense, he is not exempt from potential incarceration.").

II.      Presentence Incarceration Credit

¶**11**         Defendant argues, and the State concedes, that the record does not support the trial court's determination regarding presentence incarceration credit. A trial court's failure to grant a defendant correct credit for presentence incarceration constitutes fundamental error; accordingly, we remand to the trial court to calculate the proper amount of credit, if any, owed to Defendant. *State v. Ritch*, 160 Ariz. 495, 498 (App. 1989).

**CONCLUSION**

¶12 Because the record is unclear as to whether Defendant received proper presentence incarceration credit, we vacate the court's award and remand for resentencing on this issue. However, we affirm all other aspects of Defendant's sentences.



Ruth A. Willingham · Clerk of the Court
FILED: ama