NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MICHAEL BLUHM, *Petitioner*.

No. 1 CA-CR 22-0117 PRPC
FILED 11-17-2022

Appeal from the Superior Court in Navajo County
No. S0900CR201500591
The Honorable Dale P. Nielson, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Jones Skelton & Hochuli, Phoenix
By Michael R. Shumway
*Counsel for Respondent*

DuMond Law Firm PLLC, Phoenix
By Samantha Kelli DuMond
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

---

**T H U M M A,** Judge:

¶1　　　　Petitioner Michael Bluhm seeks review of the dismissal of his petition for post-conviction relief. For the reasons that follow, this court grants review but denies relief.

**FACTS AND PROCEDURAL HISTORY**

¶2　　　　In July 2015, Bluhm was indicted on 20 counts of sexual exploitation of a minor. The grand jury heard testimony that Bluhm possessed images and videos of child pornography, including children under the age of ten, on his computer hard drive. Bluhm admitted to searching for, downloading and viewing images of child pornography for 17 years.

¶3　　　　In March 2016, Bluhm pled guilty to one count of sexual exploitation of a minor and one count of attempted sexual exploitation of a minor, both dangerous crimes against children (DCAC). In the written plea agreement, Bluhm stipulated to a 20-year flat prison sentence followed by lifetime probation, with the State dismissing the remaining counts. After a colloquy, the superior court found Bluhm knowingly, intelligently and voluntarily entered the plea agreement and that it was supported by a factual basis. After accepting the plea, the court sentenced Bluhm according to its terms. In July 2016, Bluhm filed an untimely notice of post-conviction relief, which the superior court summarily dismissed. Bluhm did not seek review of that ruling.

¶4　　　　In February 2019, Bluhm filed this second notice of post-conviction relief, alleging that *Wright v. Gates*, 243 Ariz. 118 (2017), was a significant change in the law. Counsel was appointed to represent Bluhm, who filed a petition arguing the DCAC sentencing enhancements should

not apply because Bluhm had no contact with the minor victims.[1] The superior court granted Bluhm's request for an evidentiary hearing, but at the hearing, only heard argument. After additional briefing, the court dismissed the petition. This timely petition for review followed.

## DISCUSSION

**¶5**     Bluhm repeats his arguments that the DCAC sentencing enhancements should not apply to cases when there is no contact with the victim and the DCAC sentencing enhancements in his plea agreement were contrary to law and should be removed. This court reviews the denial of a petition for post-conviction relief for an abuse of discretion, *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012), reviewing issues of statutory interpretation de novo, *State v. Hansen*, 215 Ariz. 287, 289 ¶ 6 (2007).

**¶6**     Claims under Rule 33.1(a) must be filed "within 90 days after the oral pronouncement of sentence." Ariz. R. Crim. P. 33.4(b)(3)(A). Claims under Rule 33.1(a) also are precluded if they were waived in a prior post-conviction proceeding. Ariz. R. Crim. P. 33.2(a)(3). While claims for relief under Rules 33.1(b) through (h) cannot be waived in a prior proceeding, "in a successive or untimely post-conviction notice, the defendant must explain the reasons for not raising the claim in a previous notice or petition, or for not raising the claim in a timely manner." Ariz. R. Crim. P. 33.2(b)(1); *see also* Ariz. R. Crim. P. 33.4(b)(3)(B) ("A defendant must file the notice for a claim under Rules 33.1(b) through (h) within a reasonable time after discovering the basis for the claim."). This court may find an issue is precluded, even if the State does not raise preclusion. Ariz. Rev. Stat. (A.R.S.) § 13-4232(C); *see also* Ariz. R. Crim. P. 33.2(b)(1).

**¶7**     This is Bluhm's second post-conviction relief proceeding filed nearly three years after entry of his plea and sentencing. Because this is a successive and untimely proceeding, Bluhm is precluded from relief based on Rule 33.1(a). To the extent Bluhm raises a claim based on Rules 33.1(b) through (h), he is likewise precluded. Bluhm does not explain the reasons for failing to raise these claims -- challenging a stipulated sentence in a plea agreement -- in a previous or timely proceeding. *See State v. Carriger*, 143

---

[1] Bluhm's petition did not argue that *Wright* was a significant change in the law, meaning that issue is waived. *See* Ariz. R. Crim. P. 33.16(c)(2)(B) (petition for review by this court must contain issues decided by the superior court that defendant is presenting for review); *State v. Stefanovich*, 232 Ariz. 154, 158 ¶ 16 (App. 2013) (failing to develop argument in meaningful way constitutes waiver).

Ariz. 142, 146 (1984) (failure to strictly comply with the rules constitutes waiver). For these reasons, the superior court did not err in dismissing Bluhm's petition.

**¶8**        Apart from preclusion, Bluhm has shown no basis for relief. Bluhm claims that applying the DCAC enhancement in sexual exploitation of a minor cases when there is no victim contact creates ambiguity in the statute by deviating from the Legislature's "intent." But beyond the vague Legislative-intent claims, Bluhm makes no specific allegation that the sexual exploitation or DCAC sentencing statutes are unclear. Nor has he shown that the Legislature's statutory language must yield to vague claims about Legislative intent.

**¶9**        Sexual exploitation of a minor includes "possessing . . . any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct." A.R.S. § 13-3553(A)(2). "Sexual exploitation of a minor is a class 2 felony and if the minor is under fifteen years of age it is punishable pursuant to § 13-705," the DCAC statute. A.R.S. § 13-3553(C). Section 13-705, in turn, states that DCAC offenses include "[s]exual exploitation of a minor" if "committed against a minor who is under fifteen years of age." A.R.S. § 13-705(T)(1)(g). When the statutory language is clear, as it is here, a court must "follow the text as written without employing other rules of statutory construction." *State v. Givens*, 206 Ariz. 186, 188 ¶ 5 (App. 2003).

**¶10**        Bluhm's contention that the DCAC enhancement requires a "hands-on" offense is contrary to the text of the statute. There is no such requirement imposed by the Legislature. And the DCAC statute encompasses crimes that do not necessitate a "hands-on" offense. Sexual exploitation of a minor and commercial exploitation of a minor meet this definition. *See* A.R.S. §§ 13-705(T)(1)(g) & (f). So do preparatory offenses, which are also defined as DCAC offenses. *See* A.R.S. § 13-705 (R); *see also Wright*, 243 Ariz. at 121 ¶ 11 (rejecting narrow reading of DCAC enhancement applying to preparatory offenses). The DCAC statute is not limited to "hands-on" offenses.

**¶11**        Bluhm relies on *State v. Bartlett*, 171 Ariz. 302 (1992) and *State v. Davis*, 206 Ariz. 377 (2003) in arguing that DCAC enhancements require "something more," such as physical "dangerousness" to a child. *Bartlett* and *Davis* involved young male defendants who had consensual sex with post-pubescent females and received long prison sentences under the DCAC enhancement. *Bartlett*, 171 Ariz. at 311; *Davis*, 206 Ariz. at 384 ¶ 36. The Arizona Supreme Court concluded the prison sentences were grossly

disproportionate to the crimes under an Eighth Amendment analysis and vacated their sentences. *Bartlett*, 171 Ariz. at 311; *Davis*, 206 Ariz. at 391 ¶ 72. The court's recognition of proportionality in sentencing -- noting a defendant "whose crime involved no violence and whose victims willingly consented, [should] be treated much less severely than those who commit violent sexual crimes against young children" -- does not create an exception for crimes with no victim contact. *Bartlett*, 171 Ariz. at 309.

¶12        *Bartlett* and *Davis* noted their analysis was limited to the specific facts and circumstances of those cases, which were (and are) "exceedingly rare." *Bartlett*, 171 Ariz. at 305 n.3; *Davis*, 206 Ariz. at 382 ¶ 20 & 388 ¶ 49. The issues in those cases are quite different from those here. Bluhm does not argue that his stipulated sentence violates the Eighth Amendment. And unlike *Bartlett* and *Davis*, this case involves a 33-year old man who spent more than a decade searching for, and downloading, images of nonconsensual sexual conduct with minors, some less than 10 years old.

¶13        Nor has Bluhm shown that applying DCAC enhancements to child pornography offenders in the internet age is not captured by the statute. Because offenders are now able to download and view child pornography, Bluhm claims these crimes are no longer violent toward a child as envisioned by the Legislature in 1985. The Legislature, however, enacted the DCAC enhancements "to deter and punish those who participate in the child pornography industry." *State v. Berger*, 212 Ariz. 473, 483 ¶ 51 (2006); *see also State v. Wagstaff*, 164 Ariz. 485, 490–91 (1990) ("Protecting the children of Arizona and punishing severely those who prey on them certainly are two legislative goals."). In *Berger*, the defendant downloaded and viewed child pornography on his computer for six years, and the court concluded that 20 consecutive 10-year sentences for sexual exploitation of a minor met those Legislative goals. 212 Ariz. at 475 ¶ 5, at 483 ¶ 51. Bluhm's stipulated 20-year sentence does so as well, even though he obtained the illicit materials on the internet and regardless of whether he did so outside or inside the home. Bluhm's conclusory arguments about an internet user having less culpability are without merit and do not change the scope of the statute.

¶14        Bluhm further asserts that there was no finding that Bluhm's crimes were committed against a minor. Construing this as a challenge to the factual basis of his plea, Bluhm's argument fails. The factual basis to support a plea may be ascertained from the record, including the plea colloquy and grand jury transcripts. *State v. Sodders*, 130 Ariz. 23, 25 (1981). The record here contains sufficient evidence to satisfy the factual basis for

both the convictions and the DCAC enhancement. Looking at language out of context, Bluhm relies on *Wright* to support his contention that additional findings were required. *Wright*, however, was limited to holding there must be an actual child victim for DCAC enhancements to apply. 243 Ariz. at 122 ¶ 18. There has been no evidence that the minors depicted in the images charged in the indictment were not actual child victims.

¶15         Bluhm's attempt to create an exception for crimes that do not involve contact with the minor victim fails as the plain language and legislative history support the DCAC enhancement when applied to sexual exploitation of a minor. Though *Bartlett*, *Davis* and *Wright* recognize limits on applying the DCAC enhancements, they are rare exceptions. Bluhm fails to show that any of these exceptions apply here.

## CONCLUSION

¶16         Although granting review, this court denies relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA