NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Plaintiff/Appellant*,

*v.*

ALLISON BOISVERT, *Defendant/Appellee*.

No. 1 CA-CV 23-0582
FILED 4-16-2024

---

Appeal from the Superior Court in Maricopa County
No.  LC2023-000215-001
Mesa Municipal Court
No.  2022058505
The Honorable Justin Beresky, Judge

**AFFIRMED**

---

COUNSEL

Mesa City Prosecutor's Office, Mesa
By Paul W. Hawkins
*Counsel for Plaintiff/Appellant*

Gordon Thompson, Phoenix
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

---

**C R U Z**, Judge:

¶1   The State of Arizona ("the State") appeals the superior court's judgment accepting jurisdiction but denying relief in a special action challenge to the municipal court's interpretation of Arizona Revised Statutes ("A.R.S.") section 36-2852(B).  We affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2   In April 2022, Allison Boisvert, Real Party in Interest ("RPI"), was charged with a violation of A.R.S. § 28-1381(A)(3) after a driving under the influence ("DUI") investigation revealed the presence of marijuana metabolites in her blood.  The provision states:

> It is unlawful for a person to drive or be in actual physical control of a vehicle in this state . . . [w]hile there is any drug defined in § 13-3401 or its metabolite in the person's body.

A.R.S. § 28-1381(A)(3).

¶3   In November 2020, Proposition 207 ("Prop 207") was passed, legalizing the use of marijuana by persons twenty-one years or older.  Prop 207 adopted A.R.S. § 36-2852(B) which states:

> Notwithstanding any other law, a person with metabolites or components of marijuana in the person's body is guilty of violating § 28-1381, subsection A, paragraph 3 **only if the person is also impaired to the slightest degree.**

(Emphasis added.)

¶4   At the time of the alleged violation, RPI was under twenty-one.  The State filed a motion in limine requesting the jury instructions not include the impairment requirement stated in A.R.S. § 36-2852(B) arguing

that Prop 207 only applied to individuals twenty-one years or older. The municipal court denied the motion. The State filed a special action with the superior court, which accepted jurisdiction but denied relief.

¶5        The State timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶6        The State first argues the superior court erred when it did not determine the intent of the electorate in implementing A.R.S. § 36-2852 or consider the initiative in the context of the electorate's overall intent to regulate driving under the influence of marijuana for persons over the age of twenty-one only. The State requests we interpret A.R.S. § 36-2852(B) to define "person" as individuals aged twenty-one or older. In the alternative, it requests we remand the matter to the superior court for a determination of the intent of the electorate in enacting that statute.

¶7        We review a special action in which the superior court accepts jurisdiction but denies relief for an abuse of discretion. *Files v. Bernal*, 200 Ariz. 64, 65, ¶ 2 (App. 2001). "We review the superior court's legal conclusions de novo." *Merlina v. Jejna*, 208 Ariz. 1, 3, ¶ 6 (App. 2004). Therefore, we must consider the merits of the argument and may not remand a matter of statutory interpretation back to the superior court.

¶8        "[W]e look first to the plain language of a statute as the most reliable indicator of its meaning." *State v. Givens*, 206 Ariz. 186, 188, ¶ 5 (App. 2003). When the plain language of the statute is clear, as it is in this case, "we must follow the text as written without employing other rules of statutory construction." *Id.* The superior court did not err.

¶9        Turning to the plain language of the statute, the State argues the term "person" refers to individuals who are twenty-one years or older. The State contends that because A.R.S. § 36-2852 legalized the use of marijuana only for persons over the age of twenty-one years, the DUI statute that criminalizes driving under the influence of marijuana also refers only to adults over the age of twenty-one years and that any other interpretation will lead to inconsistent and illogical results.

¶10       In the criminal context, a "'Person' means a human being." A.R.S. § 13-105(30). Black's Law Dictionary also defines "person" as a "human being." *Person*, Black's Law Dictionary (11th ed. 2019). Prop 207 distinguishes between a "person," a "person who is under twenty-one," an "individual who is under twenty-one," and an "individual who is at least

3

twenty-one" in multiple instances. *See* A.R.S. §§ 36-2851, -2852, -2853. "[C]onstruction of a statute should be favored which will render every word operative rather than a construction which makes some words idle and nugatory." *State Bd. of Tech. Registration v. McDaniel*, 84 Ariz. 223, 236 (1958).

¶11         To illustrate its argument, the State points to A.R.S. § 36-2853(A) as an example. The section reads:

> Notwithstanding any other law and except as otherwise provided in this chapter, **a person** who possesses an amount of marijuana greater than the amount allowed pursuant to section 36-2852 . . . is guilty of a petty offense.

A.R.S. § 36-2853(A) (emphasis added). The State then argues if a "limited interpretation" of "a person" is applied to A.R.S. § 36-2853(A), then it becomes something unintended by the electorate. This is not true. The cross-reference to section 36-2852, which makes possession legal only if an individual is at least twenty-one years old, acts as an age constraint even if the plain meaning of "person" is used.

¶12         The State also points to A.R.S. § 36-2853(B)(3) and A.R.S. § 36-2853(C) as being contradictory if the plain meaning of "person" is used. Section 36-2853(B)(3) states "a person who is under twenty-one years of age," who possesses, consumes, transports or transfers marijuana may be found guilty of a class 1 misdemeanor on their third or subsequent violation. Section 36-2853(C) states, "[a] person who smokes marijuana in a public place or open space is guilty of a petty offense." The State asks, "[i]s it a petty offense if an underage individual smokes marijuana in a public place or is it a class 1 misdemeanor?" The answer is both. Using the plain meaning of "person" shows a person under the age of twenty-one would violate both A.R.S. § 36-2853(B)(3) and A.R.S. § 36-2853(C) if they were smoking marijuana in a public place or open space.

¶13         The State uses the same reasoning to argue that applying the plain meaning of "person" to the provision at issue in this case, A.R.S. § 36-2852(B), would be contradictory because no one under twenty-one years old can legally have marijuana in their system. Applying the plain meaning of "person" does not lead to inconsistent or illogical results. An individual under twenty-one may violate possessing, consuming, transporting or transferring marijuana statutes and at the same time also violate marijuana DUI laws if they meet the elements outlined in A.R.S. § 36-2852(B).

**¶14** DUI offenses involving the use of alcohol provide useful guidance in our analysis. The DUI statutory scheme for alcohol makes clear that while the level of impairment or the percentage of alcohol concentration in a person's body determines whether a DUI offense has been committed, for persons under twenty-one years of age it is a violation of the law to have *any* amount of spirituous liquor in their body. *See* A.R.S. § 4-244(34). ("It is unlawful . . . [f]or a person who is under twenty-one years of age to drive or be in physical control of a motor vehicle while there is any spirituous liquor in the person's body."). The electorate, acting in its legislative capacity, could have imposed a similar absolute bar for DUIs involving marijuana use by persons under twenty-one years of age. But it has not done so. The superior court did not err when it applied the marijuana DUI statute as written and denied relief.

## CONCLUSION

**¶15** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA