IN THE
# SUPREME COURT OF THE STATE OF ARIZONA

**STATE OF ARIZONA,**
*Appellee,*

*v.*

**DAVID LEE GREEN,**
*Appellant.*

No. CR-18-0537-PR
Filed March 4, 2020

Appeal from the Superior Court in Pima County
The Honorable Paul E. Tang, Judge
No. CR 20163874-001
**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

Opinion of the Court of Appeals, Division Two
245 Ariz. 529 (App. 2018)
**AFFIRMED IN PART AND VACATED IN PART**

COUNSEL:

Mark Brnovich, Arizona Attorney General, O. H. Skinner, Solicitor General, Joseph T. Maziarz, Chief Counsel, Criminal Appeals Section, Karen Moody (argued), Assistant Attorney General, Tucson, Attorneys for State of Arizona

Joel Feinman, Pima County Public Defender, Abigail Jensen (argued), Assistant Public Defender, Tucson, Attorneys for David Lee Green

Jared G. Keenan, Marty Lieberman, American Civil Liberties Union Foundation of Arizona, Phoenix; and Rhonda Neff, Kimerer & Derrick, P.C., Phoenix, Attorneys for Amicus Curiae American Civil Liberties Union Foundation of Arizona and Arizona Attorneys for Criminal Justice

JUSTICE MONTGOMERY authored the opinion of the Court, in which CHIEF JUSTICE BRUTINEL, VICE CHIEF JUSTICE TIMMER, and JUSTICES BOLICK, GOULD, LOPEZ, and BEENE joined.

JUSTICE MONTGOMERY, opinion of the Court:

**¶1**　　　　We consider in this case whether the provisions of A.R.S. § 13-901.01 apply to convictions for possession of drugs for sale and inchoate drug offenses, including solicitation to sell a narcotic drug. We hold that convictions for possession of drugs for sale, whether completed or inchoate, are not disqualifying convictions for purposes of determining eligibility for mandatory probation and drug treatment under § 13-901.01. Additionally, we hold that § 13-901.01 applies equally to qualifying inchoate and completed drug offenses.

**I.**

**¶2**　　　　David Lee Green was convicted of possession of drug paraphernalia in 1994 and for solicitation to sell a narcotic drug in 2006. In 2017, Green was convicted by a jury of several offenses, including two counts of possession of a narcotic drug and one count of possession of drug paraphernalia.

**¶3**　　　　Before sentencing, Green filed a motion contending he should be sentenced to probation for his 2017 drug convictions under § 13-901.01. Green argued that sentencing him to prison without having an opportunity for probation with treatment would be inconsistent with the intent of § 13-901.01 and contrary to the reasoning in previous court of appeals' decisions. Green further argued that his 2006 conviction for solicitation to sell a narcotic drug did not qualify as a personal possession or use offense under § 13-901.01.[1] Therefore, his 2017 drug convictions did not count as a third personal possession or use conviction, commonly referred to as a "strike,"

_____

[1] Green also challenged whether his 1994 conviction qualifies as a personal possession or use offense under § 13-901.01 but does not reassert that challenge here.

leaving him eligible for probation and treatment. *See State v. Gallagher*, 205 Ariz. 267, 268–69 ¶ 4 (App. 2003) (stating multiple convictions for possession of drugs and drug paraphernalia on the same occasion should be treated as one conviction for sentencing purposes under Proposition 200). Accordingly, Green asserted that the court was required to place him on probation and order drug treatment.

¶4 The trial court ruled that Green's 2006 conviction for solicitation to sell a narcotic drug was a strike, relying on prior cases that held convictions for possession of drugs for sale, conspiracy to unlawfully possess drugs, and solicitation to possess a drug were strikes. As a result, Green was not eligible for mandatory probation and the trial court sentenced him to concurrent, mitigated prison terms for his 2017 drug convictions.

¶5 The court of appeals reversed. It found that Green's 2006 conviction was not a personal possession or use conviction under the plain language of § 13-901.01, and that he was entitled to mandatory probation and drug treatment. *State v. Green*, 245 Ariz. 529, 534 ¶ 25 (App. 2018).

¶6 We granted review because whether the provisions of § 13-901.01 apply to possession of drugs for sale and inchoate drug offenses are recurring issues of statewide importance. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution.

## II.

¶7 The State argues that the court of appeals' decision is contrary to cases holding that possession of drugs for sale and inchoate drug offenses count as strikes and that the application of the plain language of the statute to exclude inchoate offenses from determining probation eligibility leads to an absurd result.

¶8 Whether § 13-901.01 applies to drug convictions is an issue of statutory construction subject to de novo review. *State v. Francis*, 243 Ariz. 434, 435 ¶ 6 (2018). In interpreting statutes, we first look to the text itself. *State v. Burbey*, 243 Ariz. 145, 147 ¶ 7 (2017). "[W]e must 'strive to construe

a statute and its subsections as a consistent and harmonious whole.'" *Hoffman v. Chandler*, 231 Ariz. 362, 363 ¶ 7 (2013) (quoting *State v. Wagstaff*, 164 Ariz. 485, 491 (1990)). "'When the plain text of a statute is clear and unambiguous,' it controls unless an absurdity or constitutional violation results." *Sell v. Gama*, 231 Ariz. 323, 327 ¶ 16 (2013) (quoting *State v. Christian*, 205 Ariz. 64, 66 ¶ 6 (2003)). An interpretation is "absurd if it is so irrational, unnatural, or inconvenient that it cannot be supposed to have been within the intention of persons with ordinary intelligence and discretion." *State v. Estrada* (*Estrada II*), 201 Ariz. 247, 251 ¶ 17 (2001) (quoting *Perini Land Dev. Co. v. Pima County*, 170 Ariz. 380, 383 (1992)).

¶9 Because initiatives are no less an exercise of the legislative power when carried out by the people than are statutes enacted by the legislature, we apply the same interpretive standards to initiatives as we do to statutes. *See, e.g.*, *Calik v. Kongable*, 195 Ariz. 496, 500 ¶¶ 16–17 (1999). The "primary purpose" in construing a voter initiative "is to effectuate the intent of . . . the electorate that adopted it." *Id.* at 498 ¶ 10 (quoting *Jett v. City of Tucson*, 180 Ariz. 115, 119 (1994)).

¶10 Arizona voters enacted § 13-901.01 by approving the Drug Medicalization, Prevention, and Control Act of 1996, an initiative designated as Proposition 200. *See* Ariz. Sec'y of State, 1996 Publicity Pamphlet 25–37 (1996), https://azsos.gov/sites/default/files/1996-ballot-propositions.pdf. Section 13-901.01 established a graduated system of consequences for personal possession or use of a controlled substance offense[2] and excluded certain drug and other felony offenses from mandatory probation and drug treatment.

¶11 A court must impose probation with drug treatment and may not impose a term of incarceration for an offender's first conviction for personal possession or use of drugs. *See* § 13-901.01(A). A court may impose additional terms of probation, including a maximum jail term of one year, on a second conviction. *See* § 13-901.01(F); *see also Calik,* 195 Ariz.

---

[2] Voters amended § 13-901.01 in 2002 to include drug paraphernalia among personal possession or use offenses. *See* https://apps.azsos.gov/election/2002/Info/pubpamphlet/english/prop 302.htm.

at 499 ¶ 13 (discussing that the authority to impose additional terms of probation "within the jurisdiction of the court" includes the authority to impose a term of incarceration in jail pursuant to § 13-901(F)). Drug offenders are not eligible for mandatory probation and treatment if they have three or more strikes or their convictions involve the personal possession or use of methamphetamine. *See* § 13-901.01(H). Offenders with a prior conviction for a violent offense as defined at § 13-901.03 are also not eligible for mandatory probation. *See* § 13-901.01(B). Additionally, § 13-901.01(C) provides that "[p]ersonal possession or use of a controlled substance shall not include possession for sale, production, manufacturing, or transportation for sale of any controlled substance."

**¶12** We recognize that cases construing § 13-901.01 have reached results conflicting with the plain language of the statute and with each other regarding whether convictions for possession of drugs for sale and inchoate drug offenses qualify as strikes. *See Goddard v. Superior Court*, 191 Ariz. 402, 404-05 ¶¶ 7-8, 14 (App. 1998) (holding that convictions for possession of drugs for sale count as strikes under § 13-901.01 despite language explicitly excluding possession for sale in subsection (C)); *compare Stubblefield v. Trombino*, 197 Ariz. 382, 383 ¶ 6 (App. 2000) (reasoning that it is illogical to apply § 13-901.01 to possession of narcotic drugs but not to the less serious offense of attempted possession of narcotic drugs); *and State v. Guillory*, 199 Ariz. 462, 464 ¶ 6 (App. 2001) (finding it absurd to not include conspiracy to unlawfully possess drugs as a strike under § 13-901.01 because it is the same class offense covered by § 13-901.01); *with State v. Ossana*, 199 Ariz. 459, 461–62 ¶ 11 (App. 2001) (rejecting *Stubblefield*'s application of § 13-901.01 to attempted possession convictions and declining to count them as strikes); *but see Raney v. Lindberg*, 206 Ariz. 193, 199–200 ¶ 20 (App. 2003) (rejecting the contrary holding of *Ossana* and holding attempt offenses count as prior convictions because it was inconceivable voters would intend for attempt offenses to be eligible for probation but not count as strikes).

A.

¶13        Section 13-901.01 states:

> A. Notwithstanding any law to the contrary, any person who is convicted of the personal possession or use of a controlled substance or drug paraphernalia is eligible for probation. The court shall suspend the imposition or execution of sentence and place the person on probation.
>
> B. Any person who has been convicted of or indicted for a violent crime as defined in § 13-901.03 is not eligible for probation as provided for in this section but instead shall be sentenced pursuant to chapter 34 of this title.
>
> C. Personal possession or use of a controlled substance pursuant to this section shall not include possession for sale, production, manufacturing or transportation for sale of any controlled substance.
>
>      . . . .
>
> F. If a person is convicted a second time of personal possession or use of a controlled substance or drug paraphernalia, the court may include additional conditions of probation it deems necessary, including intensified drug treatment, community restitution, intensive probation, home arrest or any other action within the jurisdiction of the court.
>
>      . . . .
>
> H. A person is not eligible for probation under this section but instead shall be sentenced pursuant to chapter 34 of this title if the court finds . . .:
>
>> 1. Had been convicted three times of personal possession of a controlled substance or drug paraphernalia.

**¶14** Section 13-901.01, by its terms, distinguishes possession of drugs for personal use from drug sale or trafficking activity. Subsection (C) states that "[p]ersonal possession or use of a controlled substance pursuant to this section *shall not include* possession for sale, production, manufacturing or transportation for sale of any controlled substance." (emphasis added). *See also Foster v. Irwin*, 196 Ariz. 230, 233 ¶ 7 (2000) (noting that Proposition 200 differentiates non-commercial possession or use from commercial or potential commercial trafficking in controlled substances). Applying "personal possession" uniformly across each subsection of § 13-901.01 necessarily excludes the drug sale or trafficking activity listed in subsection (C) from the personal possession or use offenses addressed by the mandatory probation terms in subsections (A) and (F) and the probation eligibility provisions in (H). Therefore, subsection (H) does not apply to convictions for sale offenses. Accordingly, we disapprove *Goddard*'s holding that possession for sales convictions count as strikes.

**¶15** Our construction of § 13-901.01 does not, as the State contends, lead to an absurd result. Rather, our construction effectuates the purpose of Proposition 200 to provide treatment to substance abusers while excluding those convicted of drug sales and trafficking offenses. That an offender may have multiple prior convictions for possession of drugs for sale and still be eligible for mandatory probation and drug treatment for a first personal possession or use offense is not "so irrational, unnatural, or inconvenient" that voters could not have intended that result. *Estrada II*, 201 Ariz. at 251 ¶ 17. Proposition 200 did not limit drug treatment to users who had never engaged in selling drugs. Rather than reaching an absurd result, our interpretation promotes Proposition 200's purpose to treat drug use with services and treatment rather than imprisonment for a substance abuser's first two personal possession or use offenses.

B.

**¶16** Section 13-901.01 does not, by its terms, address inchoate offenses. To determine whether § 13-901.01 applies to inchoate drug offenses, we must consider the intent of Proposition 200 and whether its application to inchoate drug offenses leads to absurd results.

**¶17**        Voters sought to strengthen Arizona's approach to drug control by addressing drug abuse as a public health issue.  Specifically, voters wanted drug users to receive treatment through a court-supervised program with graduated consequences for repeated personal possession or use convictions.  *See* Text of Proposed Amendment § 2, Proposition 200, 1996 Ballot Propositions.  Those engaged in drug sales and trafficking are excluded from mandatory drug treatment and are subject to imprisonment.  *See id.*  Seeking to "free up space in our prisons so that there is room to incarcerate violent offenders *and drug dealers*," voters made a clear policy choice to address drug users differently from drug dealers.  *Id.* (emphasis added).

**¶18**        Inchoate offenses are defined in A.R.S. §§ 13-1001 to -1004.  A person attempting to commit a drug offense "act[s] with the kind of culpability otherwise required for commission of an offense."  § 13-1001(A).  Solicitation requires that "with the intent to promote or facilitate the commission of a felony . . . such person commands, encourages, requests or solicits another person to engage in specific conduct which would constitute the felony."  § 13-1002(A).  A person engaged in a conspiracy acts "with the intent to promote or aid the commission of an offense" in an agreement "with one or more persons that at least one of them or another person will engage in conduct constituting the offense."  § 13-1003(A).  To facilitate an offense, a person must "act[] with knowledge that another person is committing or intends to commit an offense."  § 13-1004(A).

**¶19**        Each inchoate offense shares a characteristic with a completed offense.  Whether attempting, soliciting, conspiring, or facilitating a drug crime, the inchoate drug offender has the same intent, level of culpability, or goal as the drug offender who completes his crime.  Furthermore, a completed drug offense is, at some point in the course of its commission, an inchoate offense.

**¶20**        Given the clear intent of voters to distinguish personal possession offenses from drug dealing offenses, along with the relationship between inchoate and completed criminal offenses, there is no rational reason for treating inchoate drug offenses differently from completed drug offenses when applying the provisions of § 13-901.01.  Excluding inchoate personal possession offenses from subsection (A) would allow the state to

circumvent the voters' intent to require probation and treatment for drug users by permitting the charging of an inchoate personal possession or use offense when it would otherwise be charged as a completed offense. That would be absurd. *Cf. Estrada II*, 201 Ariz. at 252 ¶ 22 (observing that "as a practical matter, a person will rarely, if ever, possess or use a controlled substance without also possessing . . . associated paraphernalia).

**¶21** Likewise, applying subsections (F) and (H) equally to convictions for inchoate and completed personal possession offenses ensures a consistent application of graduated consequences to drug users without the potential arbitrary distinction between an inchoate and completed drug offense. We therefore expressly disapprove the result and analysis in *Ossana*, which declined to count convictions for attempted possession offenses as strikes.

**¶22** However, excluding those who are convicted of inchoate drug sales and trafficking activity from subsections (A), (F), and (H) maintains the intent of voters to distinguish between personal possession and drug sale and trafficking offenses. An inchoate drug sale or trafficking offense is as distinct from personal possession or use of a drug as is a completed drug sale or trafficking offense.

**¶23** Accordingly, since subsection (H) does not apply to inchoate drug sale or trafficking convictions, Green's conviction for solicitation to sell a narcotic drug is not a strike.

### III.

**¶24** We affirm Green's convictions but vacate his sentences and remand for resentencing pursuant to § 13-901.01. We vacate ¶¶ 17, 19, 22 and 23 of the court of appeals' opinion and affirm the remainder.