IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

STATE OF ARIZONA, *Appellee*,

*v.*

ETHAN THOMAS SORENSEN, *Appellant*.

No. 1 CA-CR 21-0518
FILED 5-30-2023

———————————————

Appeal from the Superior Court in Maricopa County
No. CR2014-148130-001
The Honorable Margaret LaBianca, Judge

**VACATED AND REMANDED WITH INSTRUCTIONS**

———————————————

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Jason Kalish, Faith Klepper
*Counsel for Appellee*

Mitchell Stein Carey Chapman, PC, Phoenix
By Dave Roscoe, Flynn Carey
*Counsel for Appellant*

Arizona Prosecuting Attorneys' Advisory Council, Phoenix
By Elizabeth Burton Ortiz
*Amicus Curiae in support of the superior court's ruling*

## OPINION

Presiding Judge Brian Y. Furuya delivered the opinion of the Court, in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

**F U R U Y A**, Judge:

**¶1** Ethan Thomas Sorensen appeals from the superior court's denial of the State's petition to expunge all records relating to his conviction for solicitation to possess marijuana for sale. Because we conclude sale-related marijuana offenses are eligible for expungement under Arizona Revised Statutes ("A.R.S.") § 36-2862(A)(1), we vacate the court's denial order and remand with instructions to grant the expungement petition.

## FACTS AND PROCEDURAL HISTORY

**¶2** The facts are undisputed. The police arrested Sorensen in October 2014 for possessing about 18 grams (about two-thirds of an ounce) of marijuana. The State charged him with one count each of possession of marijuana for sale, a Class 4 felony, and possession of drug paraphernalia, a Class 6 felony. He pled guilty to an amended count of solicitation to commit possession of marijuana for sale, a Class 6 undesignated felony. Consistent with the plea agreement, the superior court placed him on two years' supervised probation and dismissed the remaining charge. In 2016, the court terminated his probation and designated the conviction a Class 1 misdemeanor.

**¶3** In November 2020, Arizona voters passed an initiative legalizing adult possession and personal use of marijuana and authorizing the expungement of adult convictions for the possession and use of qualifying amounts of marijuana, codified at A.R.S. §§ 36-2850 to -2865. *See State v. Williams,* 254 Ariz. 516, 518–20 ¶¶ 2, 11 (App. 2023) (discussing and applying § 36-2862(A)). Section 36-2862(A) provides:

> Beginning July 12, 2021, an individual who was arrested for, charged with, adjudicated or convicted by trial or plea of, or sentenced for, any of the following offenses based on or arising out of conduct occurring before the effective date of this section may petition the court to have the record of that arrest, charge, adjudication, conviction or sentence expunged:

1.  Possessing, consuming or transporting two and one-half ounces or less of marijuana, of which not more than twelve and one-half grams was in the form of marijuana concentrate.

2.  Possessing, transporting, cultivating or processing not more than six marijuana plants at the individual's primary residence for personal use.

3.  Possessing, using or transporting paraphernalia relating to the cultivation, manufacture, processing or consumption of marijuana.

Section 36-2862(I) allows prosecuting agencies to file expungement petitions on behalf of eligible individuals. *Accord* Arizona Rules of Criminal Procedure 36(a)(3).

**¶4**        After the initiative became effective, the State petitioned to expunge all records related to Sorensen's arrest and conviction. The court denied the petition, and the State's motion to reconsider, concluding § 36-2862(A)(1) bars expungement for sale-related marijuana offenses.

**¶5**        Sorensen's timely appeal followed. We have jurisdiction under Article 6, § 9 of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A)(3), and 36-2862(F).

## DISCUSSION

**¶6**        Arguing § 36-2862(A)(1)'s plain language includes sale-related marijuana offenses, Sorensen contends the superior court improperly refused to vacate his conviction and expunge the related records.[1] The State agrees the court should have granted its petition but contends the statutorily undefined term "possessing" is subject to more than one reasonable interpretation, rendering the statute ambiguous. In support of the denial order, *amicus curiae* Arizona Prosecuting Attorneys' Advisory Council asserts the expungement statute unambiguously

---

[1]        Although originally arguing that § 36-2862(B)(3) directs the superior court to grant expungement petitions unless the prosecuting agency proves the defendant is ineligible for expungement, Sorensen's reply on appeal states that assertion appears "to be resolved by Rule 36(d)(3) of the Arizona Rules of Criminal Procedure." Accordingly, we do not address the issue. *See State v. Foshay*, 239 Ariz. 271, 273 ¶ 5 n.2 (App. 2016) (declining to consider an argument where the appellant abandoned it in his reply brief).

excludes possessing-marijuana-for-sale offenses. We review the court's ruling for an abuse of discretion but review statutory interpretation issues de novo. *State v. Hall*, 234 Ariz. 374, 375 ¶ 3 (App. 2014).

¶7 As when construing statutes adopted by the Legislature, interpreting a statute enacted by initiative "requires us to determine the meaning of the words the [electorate] chose to [adopt]. We do so neither narrowly nor liberally, but rather according to the plain meaning of the words in their broader statutory context, unless the [adopted statutory language] directs us to do otherwise." *S. Ariz. Home Builders Ass'n v. Town of Marana*, 522 P.3d 671, 676 ¶ 31 (2023). "Only if the language is unclear or ambiguous do we employ principles of statutory construction to determine the [statute]'s intent." *State v. Lee*, 236 Ariz. 377, 383 ¶ 16 (App. 2014). Ambiguity exists when a term "is open to multiple reasonable interpretations." *Glazer v. State*, 244 Ariz. 612, 614 ¶ 12 (2018). We give statutorily undefined words their ordinary meaning unless context directs otherwise and may consult dictionary definitions to do so. *Shepherd v. Costco Wholesale Corp.*, 250 Ariz. 511, 515 ¶ 20 (2021); *see also* A.R.S. § 1-213.

¶8 We determine a word's meaning from its broader context, examining the entire statute and considering "statutes that are in pari materia—of the same subject or general purpose—for guidance and to give effect to all of the provisions involved." *Stambaugh v. Killian*, 242 Ariz. 508, 509 ¶ 7 (2017). "A cardinal principle of statutory interpretation is to give meaning, if possible, to every word and provision so that no word or provision is rendered superfluous." *Nicaise v. Sundaram*, 245 Ariz. 566, 568 ¶ 11 (2019). "We must 'strive to construe a statute and its subsections as a consistent and harmonious whole.'" *State v. Green*, 248 Ariz. 133, 135 ¶ 8 (2020) (quoting *Hoffman v. Chandler ex rel. Cnty. of Pima*, 231 Ariz. 362, 363 ¶ 7 (2013)). To that end, when the electorate adopts "restrictive language in one section of the statute but not in the other section," we presume "it intended the restriction to apply only where it was designated." *Garcia v. Butler in & for Cnty. of Pima*, 251 Ariz. 191, 195 ¶ 16 (2021).

¶9 We begin by examining the statute's text. While the term "possessing" is not defined in A.R.S. §§ 1-215, 36-2850, or elsewhere in Title 36, Title 13 does provide insight. In the criminal context, "'Possess' means knowingly to have physical possession or otherwise to exercise dominion or control over property," A.R.S. § 13-105(34), and "'Possession' means a voluntary act if the defendant knowingly exercised dominion or control over property." A.R.S. § 13-105(35). These definitions align with ordinary meaning. *Accord Possess*, Black's Law Dictionary (11th ed. 2019) (defining "possess" as "to have in one's actual control; to have possession of");

*Possess*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/possess (last visited May 17, 2023) (meaning, among others, "[t]o have and hold as property: own"). Nothing in these broad criminal or common definitions encompasses a person's intent or purpose in possessing an item. Thus, ascribing the natural meaning to "possessing" weighs against the notion voters intended to impose an intent-based limitation in the application of § 36-2862(A)(1).

¶10        A harmonious reading of the expungement statute bolsters the conclusion that subsection (A)(1) permits the expungement of sale-related qualifying offenses. *See Green*, 248 Ariz. at 135 ¶ 8. Although subsection (A)(2) expressly limits its applicability to "the personal use" of marijuana for the listed offenses, subsections (A)(1) and (A)(3) omit that restrictive language. This distinction must be accorded meaning and indicates imposition of a personal-use constraint only where it was specifically designated. *See Garcia*, 251 Ariz. at 195 ¶ 16. Concluding otherwise improperly reduces "the personal use" in subsection (A)(2) to mere surplusage. *See Nicaise*, 245 Ariz. at 568 ¶ 11.

¶11        Examining Arizona's criminal code in pari materia yields the same result. *See Stambaugh*, 242 Ariz. at 509 ¶ 7; *see also Garcia*, 251 Ariz. at 195 ¶¶ 16–17 (considering Title 13 and Title 36 in pari materia). First, § 13-105(34), as noted, defines "possess" as "knowingly to have physical possession or otherwise to exercise dominion or control over property," which aligns with common definitions of the term. Second, subsection (A)(1) lists "transporting" marijuana as a qualifying offense, and such offenses require proof of a for-sale element; transporting marijuana for personal use is not a cognizable crime in Arizona. *See* A.R.S. § 13–3405(A)(4) (transporting marijuana); *State v. Chabolla-Hinojosa*, 192 Ariz. 360, 364 ¶ 16 n.2 (App. 1998) (explaining "[t]he crime of transportation of marijuana no longer exists in Arizona" following the Legislature's repeal of the former § 13-3405(A)(4) in 1987). Subsection (A)(1)'s inclusion of transporting offenses thus displays the electorate's intent to allow expungement of sale-related qualifying offenses.

¶12        In sum, we conclude § 36-2862(A)(1) authorizes expungement of sale-related marijuana offenses when they otherwise satisfy the statute's eligibility requirements. As a result, the court erred by denying the State's expungement petition.

## CONCLUSION

**¶13** We vacate the denial order and remand with instructions to grant the expungement petition consistent with this opinion.



AMY M. WOOD • Clerk of the Court
FILED:   AA