NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

LUIS RAMIREZ, *Appellant*.

No. 1 CA-CR 23-0003
FILED 8-31-2023

---

Appeal from the Superior Court in Coconino County
No.  S0300CR201901001
The Honorable Ted Stuart Reed, Judge

## VACATED AND REMANDED

---

COUNSEL

Coconino County Attorney's Office, Flagstaff
By Jefferson Pyper
*Counsel for Appellee*

DNA People's Legal Services Inc, Flagstaff
By Adam Cirzan
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Vice Chief Judge Randall M. Howe and Judge Daniel J. Kiley joined.

---

**P E R K I N S**, Judge:

¶1          Luis Ramirez appeals the superior court's denial of his petition to expunge marijuana-related offense records. For the following reasons, we vacate the superior court's order and remand.

## FACTS AND PROCEDURAL BACKGROUND

¶2          In 2018, a Flagstaff police officer responded to a noise complaint at an apartment. Upon the officer's arrival, an adult male, later identified as Ramirez, approached him. Ramirez said he owned the apartment and other residents were present. The officer noticed the smell of marijuana coming from the apartment. Ramirez admitted he was smoking marijuana and allowed the officer to look around the apartment.

¶3          The officer found marijuana, LSD, and dried mushrooms. Ramirez said the substances belonged to him and the mushrooms were used as a hallucinogenic drug. The officer found marijuana in multiple containers with different names written on all of them. Ramirez admitted he was selling the drugs. Two residents at the apartment said Ramirez had sold drugs to them. The officer arrested Ramirez.

¶4          In September 2019, Ramirez waived a preliminary hearing and entered a plea agreement. In the agreement, Ramirez pled guilty to one count of solicitation to possess marijuana for sale, a Class 6 un-designated felony, in violation of A.R.S. Sections 13-3405(A)(2), 13-3401, 13-1002, 13-603, 13-604, 13-701, 13-702, 13-707, 13-801, 13-802, 13-804, 13-804.01, 13-901, 13-902.

¶5          In October 2022, Ramirez petitioned to expunge his offense under Section 36-2862. The superior court denied the petition stating that the offense was not eligible for expungement. Ramirez appealed.  We have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A)(3), 36-2862(F).

**DISCUSSION**

**¶6**         We review the denial of a petition for expungement for an abuse of discretion. *State v. Hall*, 234 Ariz. 374, 375, ¶ 3 (App. 2014). The State argued in its response to Ramirez's petition that "sales offenses are not included in the list of offenses that are eligible for expungement" under Section 36-2862(A).

**¶7**         This Court recently concluded that "for sale" offenses are included within the expungement statute. *State v. Sorensen*, ___ Ariz. ___, ___, ¶ 12, 531 P.3d 378, 382 (App. 2023); A.R.S. § 36-2862(A)(1). Notably, in *Sorensen* the State agreed that the expungement statute applies to "sale-related marijuana offenses." *Sorensen*, ___ Ariz at ___, ¶¶ 6, 11, 531 P.3d at 380–81. Although we are not "absolutely bound by prior Court of Appeals decisions, the principle of Stare decisis and the need for stability in the law" require us to consider this Court's previous decisions "as highly persuasive and binding, unless we are convinced that the prior decisions are based upon clearly erroneous principles, or conditions have changed so as to render these prior decisions inapplicable." *Castillo v. Indus. Comm'n*, 21 Ariz. App. 465, 471 (1974). We see no reason that would warrant departure from *Sorensen*. Therefore, the superior court erred when it determined that marijuana sales offenses are per se ineligible for expungement.

**¶8**         The State argues that we must remand to the superior court for an evidentiary hearing to determine if the offense is eligible. Ramirez argues no hearing is necessary because, according to *Sorensen*, Ramirez's offense is eligible under the statute. The court erred by failing to make statutorily required findings of fact when it denied Ramirez's petition. *See* A.R.S. § 36-2862(B)(4) ("The court shall issue a signed order or minute entry granting or denying the petition in which it makes findings of fact and conclusions of law."); *see also State v. Santillanes*, ___ Ariz. ___, ___, ¶¶ 35–36, 522 P.3d 691, 698–99 (App. 2022) (vacating the superior court's expungement order for failure to include findings of fact and conclusions of law). But we leave for the superior court to determine if an evidentiary hearing is necessary to decide whether the underlying facts of Ramirez's offense warrant expungement under the statute.

## CONCLUSION

**¶9** We vacate and remand for further proceedings consistent with this decision.

