IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

_____

THE STATE OF ARIZONA,
*Appellee*,

*v.*

RONALD DAVID CASTILLO,
*Appellant*.

No. 2 CA-CR 2024-0177
Filed October 1, 2025

_____

Appeal from the Superior Court in Yavapai County
No. S1300CR202380007
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

_____

COUNSEL

Kristin K. Mayes, Arizona Attorney General
Alice M. Jones, Deputy Solicitor General/Section Chief of Criminal Appeals
By Tanja K. Kelly, Assistant Attorney General, Tucson
*Counsel for Appellee*

Law Offices Michael J. Dew, Phoenix
By Michael J. Dew
*Counsel for Appellant*

## OPINION

Judge O'Neil authored the opinion of the Court, in which Vice Chief Judge Eppich and Judge Sklar concurred.

O' N E I L, Judge:

¶1        Ronald Castillo appeals from his convictions and sentences for possession of methamphetamine for sale and possession of fentanyl for sale.  He claims that A.R.S. § 13-3423 protected him from prosecution for those crimes.  He alternatively contends his convictions violated double jeopardy based on his immunity for lesser-included offenses.  We affirm.

### Background

¶2        Castillo was in a hotel with two friends when one of them collapsed unconscious because of a drug overdose.  After Castillo called 9-1-1, police and paramedics came to offer emergency care.  Officers noticed what looked like cocaine on a table when they arrived, so they obtained a warrant and searched the room.  During that search, they found large amounts of methamphetamine, fentanyl, cocaine, and other drugs, with a combined total estimated value over $20,000.  Based on additional evidence that the drugs belonged to Castillo and that he had been exchanging text messages with customers to arrange sales, Castillo was arrested, tried, and convicted of possessing methamphetamine and fentanyl for sale.  The trial court sentenced him to concurrent prison terms of 7.5 years each.

### Discussion

¶3        Before trial, Castillo moved to dismiss the charges based on § 13-3423(A), which protects people from prosecution for drug possession when they seek medical attention for someone who has overdosed.  He argues on appeal that the trial court erred in denying that motion.  He also adds, for the first time on appeal, an alternative argument that his prosecution for possession of drugs for sale violated double jeopardy due to his immunity for lesser-included personal possession offenses.

## I. Protection Under § 13-3423(A)

¶4 Arizona law offers the following protection to "Good Samaritans" who seek help with a drug overdose:

> A person who, in good faith, seeks medical assistance for someone experiencing a drug-related overdose may not be charged or prosecuted for the possession or use of a controlled substance or drug paraphernalia or a preparatory offense if the evidence for the violation was gained as a result of the person's seeking medical assistance.

§ 13-3423(A). It is undisputed in this case that the evidence against Castillo "was gained as a result of [his] seeking medical assistance," in good faith, for "someone experiencing a drug-related overdose." *Id.* Castillo argues that he was, therefore, immune from prosecution for his crimes. He reasons that his prosecution for possession of methamphetamine and fentanyl for sale qualified as prosecutions for the possession or use of a controlled substance. We disagree. The protections of § 13-3423 do not extend to possession for sale.

¶5 As the state has conceded, § 13-3423(A) precluded Castillo's prosecution for simple possession of dangerous or narcotic drugs under A.R.S. §§ 13-3407(A)(1) or 13-3408(A)(1). Castillo, however, was convicted under §§ 13-3407(A)(2) and 13-3408(A)(2), which prohibit knowingly possessing dangerous and narcotic drugs "for sale." Whether § 13-3423(A) protects against prosecution for these crimes is a question of statutory interpretation that we review de novo. *State v. Green*, 248 Ariz. 133, ¶ 8 (2020). When the meaning of a statute's text is "clear and unambiguous," we apply it and look no further. *State v. Burbey*, 243 Ariz. 145, ¶ 7 (2017). We interpret statutory language "according to the plain meaning of the words in their broader statutory context." *S. Ariz. Home Builders Ass'n v. Town of Marana*, 254 Ariz. 281, ¶ 31 (2023). That meaning is unambiguous here.

¶6 In § 13-3423, our legislature afforded protection from being prosecuted for "possession or use" of a drug. In the broader context of our drug laws, this protection mirrors the language in the statutes criminalizing simple possession, which provide that a "person shall not knowingly . . . [p]ossess or use" an unlawful drug. §§ 13-3407(A)(1), 13-3408(A)(1). Possession for sale, meanwhile, is criminalized separately and punished

differently from simple possession. *See* A.R.S. §§ 13-3407(A)(1), (2), (B)(1), (2), 13-3408(A)(1), (2), (B)(1), (2), 13-901.01(C) (treating "personal possession" differently from "possession for sale"). The legislature's decision to use the words "possession or use" suggests that the protections of § 13-3423 are specific to crimes of simple possession or use, not possession for sale.

**¶7** Possessing a drug for sale involves more than merely possessing a drug. Statutory protection from prosecution for possession or use does not imply further protection concerning a different and greater crime merely because that crime also involves possession. According to its plain language within the context of the statutory scheme, § 13-3423 offers no broader protection than what the text itself provides. The protection applies to possession and use, and no more.

**¶8** To support his contrary argument, Castillo relies on *Green*, which he appears to misconstrue. In *Green*, our supreme court interpreted § 13-901.01, which provides that a person convicted of personal possession of a drug "is not eligible for probation . . . if the court finds the person . . . [has] been convicted three times of personal possession . . . ." 248 Ariz. 133, ¶¶ 14-15. The court held that a prior conviction for possession of drugs for sale could not be treated as a conviction for "personal possession" in determining probation eligibility under that statute. *Id.* ¶ 14. Accordingly, although prior convictions for personal possession can make a defendant ineligible for probation, prior convictions for sale offenses cannot. *Id.* ¶¶ 14-15; *see* § 13-901.01(H). As our supreme court explained, "an offender may have multiple prior convictions for possession of drugs for sale and still be eligible for mandatory probation and drug treatment for a first personal possession." *Green*, 248 Ariz. 133, ¶ 15.

**¶9** Castillo asserts that under *Green*, possession for sale "was to be construed the *same* as 'personal possession.'" *Green* implies no such thing. To the contrary, *Green* distinguishes "drug sale or trafficking activity," including "possession for sale, production, manufacturing or transportation for sale," from personal possession. *Id.* ¶ 14. Possession for sale is not the same as personal possession.

**¶10** Alternatively, Castillo argues that while § 13-901.01 uses the phrase "personal possession" and expressly excludes sale offenses from the definition of that term, § 13-3423 uses the phrase "possession or use" without expressly excluding possession for sale. He asserts that "possession" under § 13-3423 must, therefore, have a broader meaning than the "personal possession" of § 13-901.01; and he urges that possession for

personal use and possession for sale are merely "types of possession" such that the protections of § 13-3423 apply equally to each. In *Foster v. Irwin*, however, our supreme court rejected a similar argument that the words "possess" and "use," as used in § 13-3407(A)(1), had any broader meaning than "personal possession or use" in § 13-901.01. 196 Ariz. 230, ¶ 7 (2000). It concluded, instead, "that personal possession and use under § 13-901.01 is the same as possession and use under § 13-3407(A)(1)." *Id.*

¶11 More importantly, even if Castillo were correct that the "possession or use" subject to protection under § 13-3423(A) is broader in some sense than the "personal possession" addressed in § 13-901.01, it would not follow that the term encompasses possession for sale. Possession of a drug for sale is not merely a type, means, or form of possession. It does, undoubtedly, necessarily include possession—but so do other crimes that Castillo seemingly concedes would not be covered by § 13-3423(A)'s protection, such as transportation of a drug for sale. *See State v. Cheramie*, 218 Ariz. 447, ¶¶ 11, 22 (2008) (person cannot transport drugs without possessing them); *State v. Moroyoqui*, 125 Ariz. 562, 564 (App. 1980) (possession is lesser-included offense of possession for sale and transportation for sale). Despite Castillo's attempt to differentiate possession for sale from "actual sale" and "trafficking," each involves conduct or circumstances beyond mere possession, resulting in a distinct crime. *See* §§ 13-3407(A)(2), (7), 13-3408(A)(2), (7).

¶12 Like other crimes that involve possessing a drug, possession for sale requires an additional element. It requires proof that the defendant possessed the drug for the purpose of sale. §§ 13-3407(A)(2), 13-3408(A)(2). That purpose is neither inherent nor incidental to possessing a drug. It is an additional fact that—like manufacturing, administering, transporting for sale, or selling a drug—alters the nature of the conduct. *See* §§ 13-3407(A)(4), (5), (7), 13-3408(A)(4), (5), (7). Possession for sale is a different crime that is punished more severely than simple possession, and Arizona law consistently upholds that distinction. *See* §§ 13-3407(A)(1), (2), (B)(1), (2), 13-3408(A)(1), (2), (B)(1), (2), 13-901.01(C); *Foster*, 196 Ariz. 230, ¶ 7 (differentiating "non-commercial" from "commercial or potentially commercial" possession); *Goddard v. Superior Court*, 191 Ariz. 402, ¶¶ 9-10 (App. 1998) (noting legislative distinction between possession and possession for sale), *disapproved on other grounds by Green*, 248 Ariz. 133, ¶ 14.

¶13 By its plain language in context, the protection in § 13-3423(A) applies only to possession or use. *See Green*, 248 Ariz. 133, ¶ 8. This

protection does not extend to any other conduct, even if that conduct necessarily includes possession. Although Castillo could not have been prosecuted for mere possession, this did not preclude his prosecution and conviction for the legally and factually distinguishable conduct of possessing drugs for sale.

## II. Double Jeopardy

**¶14** The Double Jeopardy Clauses in our federal and state constitutions protect against "(1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *Lemke v. Rayes*, 213 Ariz. 232, ¶ 10 (App. 2006); *see* U.S. Const. amend. V; Ariz. Const. art. II, § 10. We review double jeopardy claims de novo. *Lemke*, 213 Ariz. 232, ¶ 10. Although Castillo did not object on double jeopardy grounds before the trial court, a violation of double jeopardy is fundamental error. *State v. Cope*, 241 Ariz. 323, ¶ 5 (App. 2016).

**¶15** Possession of a drug is a lesser-included offense of possession of a drug for sale. *Moroyoqui*, 125 Ariz. at 564. Castillo asserts that because § 13-3423(A) precluded his prosecution for the lesser crimes, his prosecution for the greater crimes violated double jeopardy. To support this contention, Castillo cites the principle that "[o]nce a defendant is . . . acquitted of a lesser-included offense, the double jeopardy provisions of the United States and Arizona constitutions prohibit indictment for the greater offense." *State v. Mounce*, 150 Ariz. 3, 5 (App. 1986). He reasons that his protection from prosecution for the lesser-included crimes of personal possession of both methamphetamine and fentanyl means he "was at least impliedly acquitted of them at the time the trial on the greater offenses began."

**¶16** Castillo cites no authority for the proposition that a non-prosecution—whether due to statutory protection or for any other reason—should be treated as an acquittal for double jeopardy purposes. We will not expand the double jeopardy principle in this way. Castillo had never been in jeopardy for a lesser-included offense before his trial on the greater crimes, and he certainly had not been acquitted. *See State v. Young*, 258 Ariz. 26, ¶ 24 (App. 2024) (jeopardy not attached until jury empaneled and sworn); *Acquittal*, Black's Law Dictionary (12th ed. 2024) ("The legal certification, usu. by jury verdict, that an accused person is not guilty of the charged offense; an official statement in a court of law that a criminal defendant is not guilty.").

**Disposition**

¶17        We affirm Castillo's convictions and sentences.